IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BINAH GORDON, KAY MAYERS, ALMA AVALLE, JAMIE HOMNICK, and S.N., *individually and on behalf of all similarly situated individuals*,<br><br>     Plaintiffs,<br><br>  v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>     Defendant. | Case No. 3:24-cv-1447-VAB |

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

  Pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure, Defendant Aetna Life Insurance Company, Inc. ("Aetna") hereby submits this Motion to Dismiss the Amended Class Action Complaint (the "Amended Complaint" or "Am. Compl.") [Dkt. 46] filed by Plaintiffs Binah Gordon, Kay Mayers, Alma Avalle, Jamie Homnick and S.N., on behalf of themselves and all others similarly situated (collectively, "Plaintiffs").[1]

  *First*, Plaintiff Binah Gordon's suit is expressly barred under federal law. Ms. Gordon was covered under a plan governed by the Federal Employee Health Benefits ("FEHBA") program available through her tribal employer. FEHBA plans are governed by the Federal Employees Health Benefit Act of 1959, 5 U.S.C. § 8901 *et. seq.*, and regulations established by the United States Office of Personnel Management ("OPM"), 5 C.F.R. 890.101, *et seq.* FEHBA authorizes OPM to contract with private insurance carriers, like Aetna, to administer FEHB plan benefits, which ensures uniform administration of the FEHB throughout the country. *See* 5 U.S.C. §§ 8901-8903. OPM

---

[1] Although not styled as such, Plaintiffs' pending complaint is an amendment to their original pleading.

regulations explicitly state, however, that *only OPM* can be sued for a denial of benefits under an FEHB plan:

> A covered individual may seek judicial review of OPM's final action on the denial of a health benefits claim. *A legal action to review final action by OPM involving such denial of health benefits must be brought against OPM and not against the carrier or the carrier's subcontractors*. The recovery in such a suit shall be limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute.

5 C.F.R. § 890.107(c) (emphasis added). Ms. Gordon's action against Aetna is barred under federal law, and her claim must be dismissed under Rule 12(b)(6).

*Second*, Plaintiffs Binah Gordon, Kay Mayers, Jamie Homnick and S.N. lack standing under Article III for the claims they assert.

- ***Plaintiffs Gordon, Mayers and Homnick***. These Plaintiffs' employers, who created and sponsor their respective health benefit plans and have sole and final authority over the coverage and benefit terms of their plans, each revised their plans to accommodate the coverage Plaintiffs are seeking. These Plaintiffs lack Article III standing to bring this action against Aetna, as the claims administrator, because they have already been given access to the coverage their employers have authorized. Aetna has no power or authority to award additional benefits beyond those authorized by their employers. These Plaintiffs have no justiciable injury traceable to Aetna or redressable by this Court, and their claims must be dismissed under Rule 12(b)(1).

- ***Plaintiff S.N.*** Plaintiff S.N.[2] was covered under a plan sponsored and self-funded by her employer and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, *et seq*. ("ERISA"). Ms. N. left her employment and ceased to be a

---

[2] Plaintiff S.N. has requested and obtained permission from the Court to proceed pseudonymously in this matter.

member of the employer plan at issue, effective ▆▆▆▆▆▆, and is no longer covered by an Aetna-administered plan. At the time her employment ceased and her coverage under her employer's plan lapsed, Ms. N. had not initiated the final administrative review opportunities offered by her employer. Her employer's plan offered both an independent review by an external review organization outside of Aetna and an appeal directly to her employer, either of which would be binding on Aetna. Ms. N. did not avail herself of either form of review but instead left her employment without ever giving her employer the opportunity to review her claim as occurred with Plaintiffs Gordon, Mayers and Homnick. Because Ms. N. is no longer covered by the plan in question—and, indeed, is no longer covered by any Aetna plan—Aetna cannot redress her claim; she has no justiciable injury traceable to Aetna or redressable by this Court, and her claim must be dismissed under Rule 12(b)(1).[3]

*Third*, Plaintiff Alma Avalle also is covered under a plan sponsored and self-funded by her employer and governed by ERISA. Ms. Avalle failed to exhaust the administrative remedies required by her employer's plan before filing this action. Her claim thus is premature and should be dismissed under Rule 12(b)(6).

*Fourth*, all Plaintiffs have failed to join their employers, plans, and plan administrators, who are the only parties capable of providing the benefits and coverage they seek and who are necessary and indispensable parties under Rule 19. The employer-sponsors fund and administer the plans, have final authority over the terms of the plans, and are responsible for payment of all

---

[3] It should be noted that Plaintiff Gordon likewise is no longer covered by her FEHBA Plan; her federal employment ended, and her FEHBA coverage lapsed, on December 31, 2023. So, Ms. Gordon, like Ms. N., no longer has coverage under the plan at issue here, and Aetna cannot redress her claim. For that additional reason, Ms. Gordon has no justiciable injury traceable to Aetna or redressable by this Court, and her claim must be dismissed under Rule 12(b)(1).

benefits under the plans. Indeed, in the case of Plaintiff Binah Gordon, her federal employer (OPM) is the *only* permissible defendant allowed under federal law. And most, if not all, of the employers, plans and plan administrators are parties over whom this Court lacks personal jurisdiction, and if Plaintiffs cannot, or otherwise refuse to, join them in this action, the action must be dismissed under Rule 12(b)(7).

For these reasons, which are set forth in more detail in Aetna's Memorandum in Support of its Motion to Dismiss, Aetna respectfully requests that this Court dismiss the Amended Complaint pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure.

Dated at Hartford, Connecticut this 31st day of January, 2025.

/s/ Theodore J. Tucci
Theodore J. Tucci (ct05249)
Abby M. Warren (ct30077)
Christopher A. Costain (ct31612)
Robinson & Cole LLP
One State Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax: (860) 275-8299
ttucci@rc.com
awarren@rc.com
ccostain@rc.com

Sarah Reeves (*pro hac vice*)
Earl B. Austin (*pro hac vice*)
Baker Botts LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-2649
Fax: (212) 408-2449
sarah.reeves@bakerbotts.com
earl.austin@bakerbotts.com

*Counsel for Defendant*
*Aetna Life Insurance Company*

4

## **CERTIFICATION**

      I hereby certify that on this 31st day of January, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

                                                                             */s/ Theodore J. Tucci*
                                                                             Theodore J. Tucci