IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BINAH GORDON, KAY MAYERS, ALMA AVALLE, JAMIE HOMNICK, GENNIFER HERLEY and S.N., *individually and on behalf of all similarly situated individuals*, <br><br> Plaintiffs, <br><br> v. <br><br> AETNA LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. 3:24-CV-01447-VAB |

## DECLARATION OF DEBORAH RUDOLPH

I, Deborah Rudolph, do hereby declare and state as follows:

1. I have worked for defendant Aetna Life Insurance Company or other affiliates (collectively, "Aetna") for approximately 27 years. I am currently a Sr. Manager, Complaint & Appeals (ERO) at Aetna. As Sr. Manager my job duties include knowledge of the appeals process for Aetna members, including the external review process.

2. This declaration is submitted in support of Aetna's opposition to plaintiffs Dr. Herley and Dr. Homnick's motion for preliminary injunction. I have personal knowledge of the following facts, which reflect information known to me as of the date this declaration was signed. If called as a witness in this action, I could and would testify competently to these facts.

3. Health benefit plans offer the opportunity to have denied precertification requests reviewed by an External Review Organization ("ERO") specifically to review questions of medical necessity and to provide an independent, final opinion on adverse determinations involving medical judgment. These external reviews typically are the final level of administrative review

available to the member. The two benefit plans at issue here (sponsored by Bausch and Lomb and the Metropolitan Transit Authority) both follow the Federal ERO process.

4. Federal process ERO reviews are conducted by a specialty-matched expert physician reviewer, who will review and consider any and all appropriate medical evidence and materials provided by the member or their provider in support of their request.

5. The ERO reviews medical necessity determinations *de novo* and is not bound by decisions or conclusions reached during the internal review process that Aetna conducts.

6. The Federal process ERO reviewer is selected by the External Review Organization (not Aetna) and is entirely independent of Aetna and is not required to consult or follow Aetna's clinical policy bulletins in determining whether to uphold or overturn the precertification denial.

7. The ERO's decision is fully and finally binding on Aetna and the plan sponsor.

8. The ERO review is provided at no cost to the member and a decision is typically issued within 45 days.

9. In 2024, the federal ERO overturn rate was 24.1%.

Pursuant to 28 U.S.C. § 1746(2), I declare, under penalty of perjury under the laws of the United States of America that the above statements are true and correct to the best of my knowledge, information, and belief.

Executed this 8th day of April 2025
Acworth, Georgia

*Deborah Rudolph*
Deborah Rudolph