IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BINAH GORDON, KAY MAYERS, ALMA AVALLE, JAMIE HOMNICK, and S.N., *individually and on behalf of all similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:24-cv-1447-VAB |

**AMENDED STIPULATED PROTECTIVE ORDER
AND FED. R. EVID. 502(d) AND (e) CLAWBACK AGREEMENT/ORDER**

WHEREAS, the parties in the above-captioned matter (the "Litigation") have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, medical and health, tax, financial, and personally identifiable information, documents and other materials;

WHEREAS, the parties have agreed to produce such documents only on the agreement that such "Confidential Information" (as defined herein) will be disclosed only as provided herein;

WHEREAS, the parties have agreed to protect privileged documents and electronically stored information against claims of waiver and inadvertent production;

WHEREAS, both parties may be required to produce large volumes of documents and electronically stored information in discovery. The parties wish to complete discovery as expeditiously as possible, while preserving and without waiving any privileges applicable to the information contained in the documents and data produced, including as against third parties and

in other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under Federal Rule of Evidence ("FRE") 502(d) and (e) to do so;

WHEREAS, in order to comply with applicable discovery deadlines, a party may choose to produce certain categories of documents, data and information that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation is designed to foreclose any arguments that by making such Disclosures, the disclosure of documents, data or information (including, without limitation, metadata) subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege, by the Producing Party (as defined herein) was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of privileged document, data or information, that the Producing Party did not take reasonable steps to rectify such disclosure and/or acts as a waiver of applicable privileges or protections associated with such documents, data or information; and

THEREFORE, the parties seek to amend the Court's Standing Protective Order (ECF No. 9), under Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein, as well as an Order, under Federal Rule of Evidence 502, governing the return of inadvertently produced documents and data and affording them the protections of Federal Rule of Evidence 502(d) and (e), on the terms set forth herein.[1]

IT IS HEREBY STIPULATED AND AGREED THAT:

1)    This Protective Order will be entered under Rule 26(c) of the Federal Rules of Civil Procedure.

---

[1] This Amended Stipulated Protective Order does not alter the terms of the Protective Order granting Named Plaintiff S.N.'s motion to proceed in fictitious name (ECF No. 32).

2) This Protective Order governs the use and handling of confidential, non-public, and/or sensitive documents, information, and other materials, including without limitation testimony, responses to requests for admission, notice(s) of deposition, deposition transcripts and exhibits, deposition responses upon written questions, interrogatory responses, documents produced with initial disclosures and/or in response to document requests, documents created or produced by Court order or by subpoena and all other information, including all copies, excerpts and summaries thereof (collectively, the "Information"), produced voluntarily or involuntarily, obtained, given or submitted by Plaintiffs Binah Gordon, Kay Mayers, Alma Avalle, Jamie Homnick, and S.N. in the above referenced action (hereinafter "Plaintiffs"), Defendant Aetna Life Insurance Company, including any of its affiliates, parents or subsidiaries (hereinafter "Defendant"), or under oath by any other individual or entity including non-parties in this Litigation (any such producing party hereinafter referred to as the "Producing Party" and any such receiving party hereinafter referred to as the "Receiving Party") in pre-trial proceedings in this Litigation. Such information, documents, and other materials also may include "Protected Health Information" within the meaning of 45 C.F.R. § 164.501, promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). This Protective Order is intended to meet the requirements of a "qualified protective order" as described in 45 C.F.R. § 164.512(e)(1).

3) All "Confidential Information" (as defined herein) produced in this Litigation shall be used only for the purpose of this Litigation and shall not be used in any other litigation, arbitration, mediation or other proceeding of any type. It shall include any information of any type, kind or character that contains "Confidential" information and that is so designated by either the Producing Party or Receiving Party, whether it be a document, information contained in a

document, electronic media, information revealed during a deposition, information revealed in an interrogatory answer, information produced in response to subpoena, or otherwise. In designating information as "Confidential" a Producing Party will make such designations only as to that information that contains Confidential Information. Information designated "Confidential" shall include, but is not necessarily limited to, the following:

(a) personal data and information, in any form, regarding individual employees, or former employees, of any party or its parents, subsidiaries, affiliates, predecessors, successors, or assigns, including but not limited to specific compensation and benefit amounts, medical and psychological conditions, Protected Health Information, marital status, work performance, disciplinary actions, work history, Social Security number, tax returns, financial or medical documents, arrests or criminal convictions, or credit history, and corrective and disciplinary counseling issued to non-parties;

(b) personal data and information, in any form, regarding individuals who have or had plans offered, underwritten, or administered by Defendant or its parents, subsidiaries, affiliates, predecessors, successors, or assigns, including but not limited to personally identifiable information including:

  i. names;
  ii. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
  iii. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, and date of death;
  iv. telephone numbers;
  v. fax numbers;

      vi.   electronic mail addresses;

     vii.   social security numbers;

    viii.   medical record numbers;

      ix.   health plan beneficiary numbers;

       x.   account numbers;

      xi.   certificate/license numbers;

     xii.   vehicle identifiers and serial numbers, including license plate numbers;

    xiii.   device identifiers and serial numbers;

    xiv.   web universal resource locators ("URLs")

     xv.   internet protocol ("IP") address numbers;

    xvi.   biometric identifiers, including finger and voice prints;

   xvii.   full face photographic images and any comparable images; and/or

  xviii.   any other unique identifying number, characteristic or code.

       (c)      Protected Health Information, including information, in any form, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of healthcare to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual subscriber, including but not limited to claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated under the Health Insurance Portability and Accountability Act of 1996 (see 45 C.F.R. §§ 164.501 & 160.103).

    (d) information or data that (i) constitutes a trade secret under applicable law, (ii) Defendant treats as confidential under its policies and procedures, including but not limited to proprietary, personnel, non-public financial, and business strategies and methods information, (iii) a party is under contractual obligation to keep confidential, or (iv) the unauthorized disclosure of which is believed in good faith by a party to pose a risk of damage to the party's competitive position in its business;

    (e) business, marketing, pricing, production, technical, operational, financial, proprietary, or other information or data, in any form, that has been created, compiled, or otherwise obtained by a party or its predecessor(s) or successor(s) or its/their employees or agents which derives economic value, actual or potential, from not being generally known to or readily ascertainable by proper means by others who can obtain economic value from its disclosure or use, and which is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

    4) The designation of Confidential Information for the purposes of this Protective Order shall be made in the following manner:

    (a) In the case of documents, interrogatory answers or other information or materials (apart from depositions or other pretrial testimony): by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Information. If not practical to mark each page of a document, as in the case of a bound publication or documents provided in digital form, the cover of such bound document or the applicable storage media shall be so marked. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

(b) In the event a party requests additional limits on disclosure (such as an "attorney's eyes only" designation and limitation), the party may at any time before the trial of this action serve upon counsel for the recipient parties a written notice stating with particularity the grounds of this request. If the parties cannot reach agreement promptly, counsel for the affected parties will seek resolution by the Court.

(c) In the case of depositions or other pretrial testimony by written notice, sent by counsel to all parties within ten (10) business days after receipt of the transcript of the deposition to all counsel of record for the parties to the action. All transcripts shall be considered Confidential Information and subject to this Protective Order until expiration of such ten (10) business day period. However, any discussion in a deposition or transcript of a document previously designated as Confidential Information shall automatically be considered designated with the same treatment as the underlying document without further designation.

5) Confidential Information shall be held in confidence by each qualified recipient (as defined in paragraph 10 below) to whom it is disclosed, shall be used only for purposes of this Litigation, shall not be used for any competitive, business, or other purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

6) Documents, materials, or information that is obtained independently from the discovery proceedings in this action may be designated as Confidential Information and shall be treated as such in accordance with this Order. However, nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, materials, or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery

7

proceedings in this action. This paragraph shall not affect any obligation that any party or witness may be subject to with regard to non-disclosure of Confidential Information independent of this agreement, including but not limited to any confidentiality provision in any agreement between any parties.

       7)      Except as otherwise directed by this Court, Confidential Information produced by parties and protected by this Court shall be revealed only to the following Qualified Recipients:

            (a)      Attorneys appearing in and/or working on this Litigation, including the attorneys' regular and temporary employees, contractors and agents;

            (b)      Employees and agents of the parties for purposes related to this Litigation;

            (c)      Outside experts or consultants retained to assist in the preparation of this case by any attorney described in subparagraph (a) above, as well as employees of such expert or consultants, provided they agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

            (d)      Outside photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

            (e)      Deponents during the course of their depositions or designated witnesses of this case, provided that they are advised about the terms of this Order and that such Order is applicable to them in connection with their testimony, and they do not retain copies of any Confidential Information;

            (f)      The Court and its officers, designated witnesses (including deponents), court reporters, stenographers, videographers, court personnel, jurors and alternate jurors, if any;

(g) The parties to this Litigation, their representatives, officers, and professional employees;

(h) Stenographers and videographers engaged to transcribe or record depositions conducted in this action provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this order; and

(i) Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party or Parties.

8) The limitations on the use and handling of "Confidential" documents and information provided for under this Protective Order shall not apply to the Producing Party's use and handling of such documents or information.

9) No Confidential Information shall be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of the litigation. All such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies of Confidential Information are made does not reproduce the "CONFIDENTIAL" stamp appearing on the original, all copies shall be stamped with a "CONFIDENTIAL" designation. All copies of Confidential Information shall be kept under the control of persons(s) described in paragraphs 10 (a) through (d), (g), and (i) above to whom the same is produced; provided, however, that plaintiff shall not personally have custody or control over Confidential Information, except to the extent that such information relates specifically to her, or is quoted or paraphrased in any legal filings made in this Litigation. No information obtained under this Protective Order shall be added to any electronic database for any other purpose other than (a) the manipulation of data for the

Litigation, or (b) the creation of a duplicate electronic image of the documents, subject to the restrictions applicable to photocopies described in this paragraph.

10) Inadvertent disclosure or production of or failure to designate any materials or information as Confidential Information shall not be deemed a waiver of confidentiality with regard to the material or information inadvertently disclosed or produced without the Confidential Information designation, nor shall it be deemed a waiver of confidentiality with regard to similar material. Any such material or information inadvertently disclosed or produced without the applicable designation shall be identified by the Producing Party with a demand that it be marked with the appropriate designation as required by this Protective Order. The Receiving Party must treat such information as Confidential Information from the date designation is received. Disclosure, prior to the receipt of designation, of such information that was inadvertently not designated Confidential Information to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order. However, after receipt of designation, the Receiving Party must use its best efforts to immediately retrieve all information or materials that are Confidential Information that is in the possession or control of persons not authorized to receive Confidential Information.

11) Under FRE 502 (d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected documents and electronically stored information against claims of waiver (including as against third parties and in other federal and state proceedings) in the event they are produced during the course of this litigation, whether according to a Court Order, a parties' discovery request or informal production, as follows:

(a) the production of documents, data or information (including, without limitation, metadata) by a party subject to a legally recognized claim of privilege, including

without limitation the attorney-client privilege and work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document, data or information;

(b) the inadvertent production of documents, data, or information (including, without limitation, metadata) by a Producing Party, shall not result in the waiver of any privilege or protection associated with such document, data or information as to the Receiving Party, or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind;

(c) if any document, data or information (including, without limitation, metadata) produced by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Party in writing that it has discovered documents, data and/or information believed to be privileged, immune or otherwise not subject to production, identify the documents, data or information by bates number range or hash value range, and return or sequester such documents until the Producing Party confirms whether it does indeed assert any privilege protecting such documents.  Once the Producing Party asserts privilege over such documents, data and/or information (as described in paragraph d below), the Receiving Party will return, sequester, or destroy all copies of such documents, data or information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Party;

(d) Upon the request of the Producing Party, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the document, data or information containing a legally recognizable privilege or immunity.

(e) if the Producing Party intends to assert a claim of privilege or other protection over documents, data or information identified by the Receiving Party, the Producing

Party will, within ten (10) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such document, data or information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the document, data or information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document, data or information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection;

(f) if, during the course of this litigation, a party determines it has produced a document, data or information (including, without limitation, metadata) protected from discovery by a legally recognized claim of privilege, immunity, or other right not to produce such information, the Producing Party may notify the Receiving Party of such inadvertent production in writing. The Producing Party's written notice will identify the document, data and/or information inadvertently produced by Bates number range or hash value range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such document, data or information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the document, data or information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document, data or information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection. It will also demand the return of the inadvertently produced documents, data, or information. After receiving such written notification, the Receiving Party must, within ten (10) business days of

receiving the written notification, return, sequester, or destroy the specified document, data and/or information and any copies, along with any notes, abstracts, or compilations of the content thereof; and

(g) a Receiving Party's return, sequestering or destruction of such privileged or otherwise protected documents, data and/or information as provided in the subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents, data and/or information on grounds the documents, data and/or information are not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Party's production of the documents, data and/or information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of documents, data or information by the Producing Party was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of privileged or otherwise protected documents, data or information, and/or that the Producing Party did not take reasonable steps to rectify such disclosure.

12) Any party may object to the designation of any documents, materials, information, or testimony as Confidential Information by giving written notice to the Producing Party that it objects to the designation. If the Receiving Party objects to the claim(s) that information should be deemed Confidential Information, it shall be treated as Confidential Information until the dispute is resolved. If the Receiving Party objects, the Receiving Party shall inform the Producing Party in writing that the document, materials, testimony, or information should not be so deemed, and the parties shall attempt first to dispose informally of such disputes in good faith. If the parties fail to reach an agreement on any such disputes, the Receiving Party may file a motion challenging the designation of Confidential Information with the Court. That application must be made within

three (3) business days of the end of the aforementioned five (5) business day period. The documents, materials, information, or testimony shall continue to have "Confidential" status during the pendency of any such motion.

13) No person entitled to access Confidential Information shall disclose the contents of any such materials to any other individual, except those individuals who are also permitted to access the materials protected herein and only if consistent with the terms of this Order. In the event of an inadvertent disclosure of another party's Confidential Information to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Confidential Information subject to this Protective Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

14) Counsel for a party may disclose Confidential Information to any actual or designated witness not otherwise identified above as an approved recipient of such information provided counsel has obtained consent of counsel for the Producing Party and the individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this order.

15) Each party shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose Confidential Information, as defined by the terms of this Protective Order.

16) Persons to whom Confidential Information is shown shall be informed of the terms of this Protective Order and advised that its breach may be punished or sanctioned as contempt of the Court.

17) Persons may be shown Confidential Information during their deposition but shall not be permitted to keep copies of said Confidential Information.

18) Violation by any person of any provision of this Protective Order may be punishable as contempt of Court.  Further, the parties may pursue any and all civil remedies available to it for breach of the terms of this Protective Order.

19) At any deposition, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential Information or that a document contains Confidential Information, counsel shall have the option to request that all persons other than the reporter, the named Plaintiffs, the parties' counsel, the Court and Court personnel, and individuals specified in paragraphs 10, 11 and 12 hereof who have access to the appropriate category of information, leave the deposition room or courtroom during the Confidential Information portion of the deposition.  The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

20) The termination of this Litigation shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential Information under this Protective Order.

21) After the conclusion of this Litigation, any Confidential Information that also constitutes "Protected Health Information" within the meaning of 45 C.F.R. § 164.501 (and all copies thereof), shall be returned to the disclosing individual or entity, or shall be destroyed upon

the expiration of sixty (60) days of the conclusion of the Litigation. Any destruction shall be in a manner that renders the information irretrievable. Otherwise, upon termination of this Litigation by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) calendar days of said request, provided the requesting party agrees to pay for hourly fees at regular billable rates and all costs associated with the gathering and return of the Confidential Information. Furthermore, a party may comply with the request by maintaining the Confidential Information as confidential or by destroying said Confidential Information. Failure to request return or destruction does not alter the terms of this Order or the obligation of any party to maintain the confidentiality of Confidential Information.

22) Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

23) Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Protective Order.

24) Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial should be submitted under seal but may retain their protected confidential status only by order of the Court granting sealing. To reduce the number of documents required by this Order to be filed under seal, the Parties agree to confer in good faith in anticipation of a filing (as circumstances reasonably permit) concerning removal of any Confidential Information designation. If the Court does not permit the materials to be filed under seal, then they will be filed in the public record. A party or interested member of public may challenge the

designation of particular documents that have been filed under seal, by filing their objections with the Court.

25) The Producing Party shall not be bound by its own designation of information as Confidential Information but if it ceases to treat any document or information as no longer protected for purposes of this litigation, then the Receiving Party is no longer obliged to do so. The Parties agree to confer regarding the removal of the Confidential Information designation over specific documents or information should Defendant make a business decision not to treat such materials as confidential. Furthermore, Confidential Information does not include that which was already in the possession of the Receiving Party and does not include that which was available to the Receiving Party through other means.

26) If the Receiving Party or any of its employees, agents, or consultants, as the case may be, is compelled to disclose any of the Producing Party's Confidential Information according to applicable federal or state laws, rules, regulations, or court orders or subpoenas (each a "Requirement"), the Receiving Party, as the case may be, shall provide the Producing Party with prompt notice of any such Requirement in writing and shall cooperate with the Producing Party, at the Producing Party's sole expense, in seeking to obtain any protective order or other arrangement according to which the confidentiality of the Producing Party's Confidential Information is preserved. If such an order or arrangement is not obtained, the Receiving Party shall disclose only that portion of the Producing Party's Confidential Information as is required according to such Requirement. Any such required disclosure shall not, in and of itself, change the status of the disclosed information as the Producing Party's Confidential Information under the terms of this Agreement.

27) The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Protective Order.

28) Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

**SO STIPULATED:**

Dated: January 17, 2025                                             Respectfully submitted,

| | |
|---|---|
| */s/ Theodore J. Tucci* | */s/ Joseph J. Wardenski* |
| Theodore J. Tucci (ct05249) | Joseph J. Wardenski (ct31674) |
| Abby M. Warren (ct30077) | WARDENSKI P.C. |
| Christopher A. Costain (ct31612) | 134 West 29th Street, Suite 709 |
| Robinson & Cole LLP | New York, NY 10001 |
| 280 Trumbull Street | Tel.: (347) 913-3311 |
| Hartford, CT 06103-3597 | Fax: (347) 467-7237 |
| Tel.: (860) 275-8200 | joe@wardenskilaw.com |
| Fax: (860) 275-8299 | |
| ttucci@rc.com | Gabriel Arkles (*pro hac vice*) |
| awarren@rc.com | Ezra Cukor (*pro hac vice*) |
| ccostain@rc.com | Sydney Duncan (*pro hac vice*) |

| | |
|---|---|
| Sarah Reeves (*pro hac vice*)<br>Earl B. Austin (*pro hac vice pending*)<br>Baker Botts LLP<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Tel.: (212) 408-2649<br>Fax: (212) 408-2449<br>sarah.reeves@bakerbotts.com<br>earl.austin@bakerbotts.com<br><br><br>*Counsel for Aetna Life Insurance Company* | Advocates for Trans Equality Education Fund<br>520 Eighth Avenue, Suite 2204<br>New York, NY 10018<br>Tel.: (646) 862-9396<br>Fax: (646) 993-1686<br>garkles@transgenderlegal.org<br>ecukor@transgenderlegal.org<br>sduncan@transgenderlegal.org<br><br>Christine E. Webber (*pro hac vice*)<br>Aniko R. Schwarcz (*pro hac vice*)<br>Harini Srinivasan (*pro hac vice*)<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Ave. NW, Eighth Floor<br>Washington, DC 20005<br>Tel: (202) 408-4600<br>Fax: (202) 408-4699<br>cwebber@cohenmilstein.com<br>aschwarcz@cohenmilstein.com<br>hsrinivasan@cohenmilstein.com<br><br>*Attorneys for Plaintiffs Binah Gordon, Kay Mayers, Alma Avalle, Jamie Homnick, and S.N.* |

**SO ORDERED:**


\_\_\_/s/ Victor A. Bolden_____           Dated: April 14, 2025
The Honorable Victor A. Bolden
United States District Court Judge