# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BINAH GORDON, KAY MAYERS, ALMA AVALLE, JAMIE HOMNICK, GENNIFER HERLEY and S.N., *individually and on behalf of all similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:24-CV-01447-VAB |

### **DECLARATION OF HANNAH GOELLNER**

I, Hannah Goellner, do hereby declare and state as follows:

1. I have worked for defendant Aetna Life Insurance company or other affiliates (collectively, "Aetna") for approximately 10.5 years. I am currently a Senior Account Manager at Aetna. As a Senior Account Manager, my job duties include knowledge of the Bausch & Lomb Americas Inc. Medical Plan (the "Bausch & Lomb Plan"). In addition, I am familiar with Aetna's business practices and processes related to the Bausch & Lomb Plan.

2. This declaration is submitted in support of Aetna's surreply in further opposition to plaintiffs Dr. Herley and Dr. Homnick's motion for preliminary injunction. I have personal knowledge of the following facts. If called as a witness in this action, I could and would testify competently to these facts.

3. Bausch & Lomb, as Dr. Homnick's Plan Sponsor, determines which procedures the Bausch & Lomb Plan will and will not cover generally; Aetna, as third party administrator, then applies those plan coverage directives to individual member requests as they arise. Although the

Bausch & Lomb Plan Summary Plan Description (the "SPD") does not explicitly talk about coverage for gender affirming care, the SPD is not the only source of Plan Sponsor directives regarding what procedures the Bausch & Lomb Plan does and does not cover. Bausch & Lomb provided Aetna with plan coverage guidance in at least three ways: (1) through the SPD, (2) benefit elections derived from the Bausch & Lomb Plan's Single Source Document (a series of installation instructions conveying the employer's decisions regarding specific coverage provisions), and (3) emails from Bausch & Lomb instructing Aetna on how to handle specific coverage questions (sometimes called "deviations").

4. In the case of coverage for gender affirming care, the SPD has been supplemented over time with additional coverage directives from Bausch & Lomb that are not listed in the SPD. Aetna, as third-party administrator, is contractually obligated to follow Bausch & Lomb coverage directives, regardless of whether they are specified in the SPD.

Pursuant to 28 U.S.C. § 1746(2), I declare, under penalty of perjury under the laws of the United States of America that the above statements are true and correct to the best of my knowledge, information, and belief.

Executed this 5th day of May, 2025
Philadelphia, PA

_____
Hannah Goellner