# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BINAH GORDON, KAY MAYERS, ALMA AVALLE, JAMIE HOMNICK, GENNIFER HERLEY and S.N., *individually and on behalf of all similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:24-CV-01447-VAB |

## DECLARATION OF DEBORAH RUDOLPH

I, Deborah Rudolph, do hereby declare and state as follows:

1. I have worked for defendant Aetna Life Insurance Company or other affiliates (collectively, "Aetna") for approximately 27 years. I am currently a Sr. Manager, Complaint & Appeals (ERO) at Aetna. As Sr. Manager my job duties include knowledge of the appeals process for Aetna members, including the External Review process.

2. This declaration is submitted in support of Aetna's surreply in further opposition to plaintiffs Dr. Herley and Dr. Homnick's motion for preliminary injunction. I have personal knowledge of the following facts. If called as a witness in this action, I could and would testify competently to these facts.

3. External Review of gender affirming facial surgery denials involve full, de novo medical necessity evaluations by independent, non-Aetna affiliated physician specialists. Each of these involves an individualized review of the requesting member's medical records along with any other documentation the member makes available. While the reviewing physician may review

an administrator's Clinical Policy Bulletin, they are not bound by it. It is incorrect to say that external reviews are equivalent to the internal administrative appeals process that precedes it; to the contrary, external reviews are designed as a check on that process and are binding on the plan and on Aetna, regardless of the outcome.

4. In support of this declaration, I have personally reviewed Aetna's records of the External Review requests and identified nine instances where Aetna members requested overturns of coverage denials for gender affirming facial surgeries since the beginning of 2023. Each of these requests received an individualized, independent, de novo medical necessity review by an independent medical specialist. As a result of these independent, individualized evaluations, eight out of the nine previously-denied requests for gender affirming facial surgery were overturned (reversed) by the ERO physician.

5. Based on my understanding of the External Review process generally and my review of Aetna gender affirming facial surgery coverage requests since the beginning of 2023, I would not agree that an independent reviewer is "likely to defer" to a prior Aetna denial.

6. I have reviewed the medical necessity denials associated with the Bausch & Lomb and MTA plaintiffs. Both were medical necessity denials issued to individuals whose plans offer External Reviews. These medical necessity denials would therefore be eligible for an individualized External Review if requested by these members. Under the External Review process however, the members must initiate the request; neither Aetna nor the employer can initiate the request for them, and the ERO agency cannot process a request unless it comes from the member or their authorized representative. Neither member has yet requested such a review.

3

Pursuant to 28 U.S.C. § 1746(2), I declare, under penalty of perjury under the laws of the United States of America that the above statements are true and correct to the best of my knowledge, information, and belief.

Executed this 2nd day of May, 2025
Acworth, Georgia

Deborah Rudolph

3