**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BINAH GORDON *et al.*, | |
| Plaintiffs, | |
| v. | No. 3:24-cv-01447-VAB |
| AETNA LIFE INSURANCE COMPANY, | |
| Defendant. | |

**PLAINTIFFS JAMIE HOMNICK AND GENNIFER HERLEY'S SUR-REBUTTAL IN
SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

I.    The Court Should Refuse to Consider the Irrelevant U.S. Department of Health and Human Services Report that Defendants Improperly Introduce as New "Evidence" in their Sur-reply................................................................................................ 1

II.   Aetna Improperly Uses its Sur-reply to Introduce New Conclusory Declarations on Issues Aetna Could Have Previously Addressed or Actually Did Address In Its Opposition Brief................................................................................................................ 2

CONCLUSION.................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

OTHER AUTHORITIES

*APA Statement on Access to Treatment for Transgender, Gender Diverse, and Nonbinary People*, Am. Psych. Assoc. (May 1, 2025), https://updates.apaservices.org/statement-on-access-to-treatment-for-transgender-gender-diverse-and-nonbinary-people .......................2

Melissa Jenco, *AAP speaks out against HHS report on gender dysphoria, infringement on physician-patient relationship*, Am. Acad. of Pediatrics (May 1, 2025), https://publications.aap.org/aapnews/news/32145?autologincheck=redirected .......................2

Phie Jacobs, *Researchers slam HHS report on gender-affirming care for youth*, Science (May 2, 2025), https://www.science.org/content/article/researchers-slam-hhs-report-gender-affirming-care-youth .......................................................................................................2

U.S. Dep't of Health and Hum. Servs., *Treatment for Pediatric Gender Dysphoria: Review of Evidence and Best Practices* (May 1, 2025), https://opa.hhs.gov/sites/default/files/2025-05/gender-dysphoria-report.pdf. ...........................1

Plaintiffs Jamie Homnick and Gennifer Herley respectfully submit this Sur-rebuttal to respond to Defendant Aetna Life Insurance Company's ("Aetna") Sur-reply in support of Plaintiffs' Motion for Preliminary Injunction. *See* ECF No. 120. Aetna's Sur-reply is nothing more than an effort to muddy the waters. Aetna does not respond to Plaintiffs' core arguments in support of enjoining Aetna from applying Clinical Policy Bulletin 0615's ("CPB 0615") categorical exclusion of gender-affirming facial reconstruction ("GAFR") surgeries (the "GAFR Exclusion"). Instead, Aetna introduces irrelevant sources, extraneous facts, and proffers *four* rebuttal declarations that offer conclusory statements devoid of any evidentiary support. The Court should ignore Aetna's efforts to confuse the issues.

I.    **THE COURT SHOULD REFUSE TO CONSIDER THE IRRELEVANT U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES REPORT THAT DEFENDANTS IMPROPERLY INTRODUCE AS NEW "EVIDENCE" IN THEIR SUR-REPLY.**

In its Sur-reply, Aetna invokes a May 1, 2025 report by the U.S. Department of Health and Human Services under the guise that it calls into question the "long-term assessment of the [World Professional Association for Transgender Health ("WPATH")] guidelines for gender-affirming procedures." Def. Sur-reply at 5, ECF No. 120. Aetna omits important context; this report only purports to address treatments for *pediatric* gender dysphoria, not GAFR or treatments for transgender adults. *See id.* at 5-6; U.S. Dep't of Health and Hum. Servs., *Treatment for Pediatric Gender Dysphoria: Review of Evidence and Best Practices* (May 1, 2025), https://opa.hhs.gov/sites/default/files/2025-05/gender-dysphoria-report.pdf [hereinafter "HHS Report"]. Even if the report were relevant, it is infected with political bias that undermines its credibility and reliability. *See* HHS Report. The report does not name its authors, is not peer reviewed, and is devoid of hallmarks of scientific integrity. *See id.* In the eight short days since its release, the American Psychiatric Association, American Academy of Pediatrics, and reputable

transgender health scholars have called the report's scientific validity into question. *See APA Statement on Access to Treatment for Transgender, Gender Diverse, and Nonbinary People*, Am. Psych. Assoc. (May 1, 2025), https://updates.apaservices.org/statement-on-access-to-treatment-for-transgender-gender-diverse-and-nonbinary-people; Melissa Jenco, *AAP speaks out against HHS report on gender dysphoria, infringement on physician-patient relationship*, Am. Acad. of Pediatrics (May 1, 2025), https://publications.aap.org/aapnews/news/32145; *see also* Phie Jacobs, *Researchers slam HHS report on gender-affirming care for youth*, Science (May 2, 2025), https://www.science.org/content/article/researchers-slam-hhs-report-gender-affirming-care-youth.

The Court should disregard this resource as the distraction that it is. Outside of GAFR, Aetna invokes the WPATH standard of care in its CPB 0615 and supportively cites to its coverage criteria for other gender-affirming care. *See* Decl. of Jens U. Berli ¶ 33, ECF No. 62-1. The numerous provider and expert declarations Plaintiffs have provided speak extensively to the high repute of the WPATH standards for GAFR. *See, e.g.*, *id.*; Decl. of Janice Stefanacci Seward, ECF No. 62-6; Decl. of R. Nicholas Gorton, ECF No. 115; Reb. Decl. of R. Nicholas Gorton, ECF No. 114-1.

## II.    AETNA IMPROPERLY USES ITS SUR-REPLY TO INTRODUCE NEW CONCLUSORY DECLARATIONS ON ISSUES AETNA COULD HAVE PREVIOUSLY ADDRESSED OR ACTUALLY DID ADDRESS IN ITS OPPOSITION BRIEF.

Despite Plaintiffs' efforts to carefully tailor their Reply to the arguments raised in Aetna's Opposition Brief, Aetna attaches four new employee declarations to its Sur-reply—falsely asserting that it is responding to "new issues" raised by Plaintiffs—that fail to move the needle on the motion before the Court. First, Aetna misleadingly stated that Dr. Robert McDonough's rebuttal declaration was necessary to respond to "new medical literature" cited by Plaintiffs'

expert, Dr. R. Nicolas Gorton. *See* ECF No. 116 at 2; Second Decl. of Robert McDonough, ECF No. 120-1. Setting aside that four out of five of the articles Aetna addresses in its Sur-reply were previously cited in Dr. Gorton's first declaration, Decl. of R. Nicholas Gorton ¶¶ 21-22, 24-25, 29, ECF No. 115; Gorton Reb. ¶ 58, and therefore at Aetna's disposal to rebut in its Opposition Brief, the "new" article that Dr. Gorton cited only further corroborates his initial point that there is ample data currently available on GAFR's validity. *See* Gorton Reb. ¶ 58; Gorton Decl. ¶¶ 9-34; *see also* Decl. of Robert McDonough ¶¶ 6-8,10, ECF No. 83.

Second, claiming that Aetna needed to address "a question raised by Plaintiffs" on the plan sponsors' role in the administration of plan benefits, *see* ECF No. 116 at 2, Aetna largely reasserts the exact same arguments in its Opposition Brief, *compare* ECF No. 120 at 7 *with* Def. Opp. Brief., ECF No. 81 at 26-27 (citing the same provisions in MTA and Bausch & Lomb's agreements with Aetna). It does insinuate for the first time, that Bausch & Lomb and MTA's plan terms have been functionally amended by unspecified, extraneous documents to exclude GAFR from coverage under those plans, without explaining or appending those documents. *See* ECF No. 120 at 6. Aetna's argument that the plain written terms of the plan documents—neither of which contain express exclusions on GAFR—should be ignored in favor of some unspecified other documents Aetna has failed to attach to any of its briefs is misleading, at best, and should be given no weight. It has its own employees assert in a conclusory fashion that Bausch & Lomb and MTA provided Aetna with additional guidance on making coverage decisions via "single source documents" and "state mandates," neither of which are defined or substantiated with documentary evidence. *See* Second Decl. of Cheryl Aronson ¶¶ 3-5, ECF No. 120-2; Second Decl. of Hannah Goellner ¶¶ 3-

4, ECF No. 120-3.[1] However, Aetna's own employee agrees that Aetna did not deny Plaintiffs' coverage for GAFR because of an exclusion in their plans. Decl. of Dorothea Verbrugge ¶ 13, ECF No. 84. Moreover, Plaintiffs have reviewed and produced all plan documents and coverage denials in Plaintiffs' possession to Aetna and none of them include or mention a "single source document" excluding GAFR coverage or a "state mandate" that such coverage be excluded. *See also, e.g.*, Decl. of Gennifer Herley Attach. B, at 11-23, ECF No. 62-5; Decl. of Jamie Homnick Attach. B, at 19-31, ECF No. 62-3; Decl. of Cheryl Aronson Ex. A, ECF No. 87-1; Decl. of Hannah Goellner Ex. A, ECF No. 86-1.

Third, and finally, Aetna again insists that the external review process is available to Plaintiffs and would almost certainly result in a reversal of Aetna's coverage denials. *See* ECF No. 120 at 7-8. In response to Plaintiffs' use of data Aetna itself provided in its opposition, *see* ECF No. 81 at 37, Aetna now posits that eight of nine previously denied requests for GAFR were overturned by an external review in the past year. *See* ECF No. 120 at 8; *see also* Second Decl. of Deborah Rudolph ¶ 4, ECF No. 120-4. While Aetna attempts to confuse the issues by introducing new data, its admission only underscores Plaintiffs' point: independent reviewers overwhelmingly find GAFR medically necessary, undermining Aetna's persistent and discriminatory assertion, as memorialized in CPB 0615, that GAFR is never medically necessary. *See id.*

Aetna also introduces a fourth new declaration to rehash the overview of the external review process—which is not in dispute—while completely sidestepping important issues at bar: whether this option is available to Dr. Homnick *now* given the time that has elapsed since her

---

[1] Plaintiffs are hesitant to accept these declarations at face value because, as stated in Plaintiffs' Reply, Aetna has misrepresented facts in declarations filed with this Court previously, *see* Pl. Reply, ECF No. 114 at 18 n.10, including asserting that Bausch & Lomb changed Dr. Homnick's plan to affirmatively add GAFR coverage when it had not. Aetna has never acknowledged or corrected those misstatements.

second appeal and whether Dr. Herley must first undergo the onerous first and second appeals processes before accessing an external review. *See* Pls. Reply at 16-19, ECF No. 114; *see also* Rudolph Second Decl. ¶ 6. With Aetna's silence on these issues, Plaintiffs maintain that they do not have this option available to them *now*, nor should they have to engage in another review while the GAFR Exclusion in CPB 0615 remains in place. An injunction of the GAFR Exclusion would provide them the relief they seek: the opportunity for a timely, individualized review of GAFR's medical necessity for them by Aetna consistent with the clinical criteria Aetna uses for other gender-affirming surgeries. *See* ECF No. 114.

**CONCLUSION**

Aetna's Sur-reply should be given no weight in the Court's considering of Plaintiffs' Motion for Preliminary Injunction. To the extent the Court determines that genuine material factual disputes exist that need to be resolved on Plaintiffs' preliminary injunction motion, Plaintiffs respectfully request oral argument or an evidentiary hearing be set at the earliest practicable date.

DATED: May 9, 2025                          Respectfully submitted,

                                            /s/ *Harini Srinivasan*
                                            Christine E. Webber (admitted *pro hac vice*)
                                            Harini Srinivasan (admitted *pro hac vice*)
                                            Aniko R. Schwarcz (admitted *pro hac vice*)
                                            Elizabeth M. McDermott*
                                            COHEN MILSTEIN SELLERS & TOLL PLLC
                                            1100 New York Ave, NW, Suite 800
                                            Washington, DC 20005
                                            Phone: (202) 408-4600
                                            Fax: (202) 408-4699
                                            cwebber@cohenmilstein.com
                                            aschwarcz@cohenmilstein.com
                                            hsrinivasan@cohenmilstein.com

                                            Joseph J. Wardenski [ct31674]
                                            WARDENSKI P.C.

134 West 29th Street, Suite 709
New York, NY 10001
Phone: (347) 913-3311
Fax: (347) 467-7237
joe@wardenskilaw.com

Gabriel Arkles (admitted *pro hac vice*)
Ezra Cukor (admitted *pro hac vice*)
Sydney Duncan (admitted *pro hac vice*)
Kelly Parry-Johnson (admitted *pro hac vice*)
Seran Gee (admitted *pro hac vice*)
ADVOCATES FOR TRANS EQUALITY
EDUCATION FUND
520 Eighth Avenue, Suite 2204
New York, NY 10018
Phone:(646) 993-1688
Fax: (646) 993-1686
garkles@transequality.org
ecukor@transequality.org
sduncan@transequality.org
kparry-johnson@transequality.org

*Attorneys for Plaintiffs*

\* Application for *pro hac vice* admission forthcoming