IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BINAH GORDON, KAY MAYERS, ALMA AVALLE, JAMIE HOMNICK, GENNIFER HERLEY and S.N., *individually and on behalf of all similarly situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:24-CV-01447-VAB<br><br>June 6, 2025 |

**REPLY IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
<u>PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT</u>**

# **TABLE OF CONTENTS**

                                                                                                                                    **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

    A.    *FEHBA Exclusive Remedy:* Plaintiff Gordon's sole remedy under her FEHBA Plan lies against OPM. ....................................................................................... 1

    B.    *Article III Standing:* Plaintiffs Gordon, Mayers, Avalle, Homnick and Herley lack standing under Article III and their claims must be dismissed under Rule 12(b)(1). ............................................................................................................. 2

    C.    *ERISA Exhaustion:* Plaintiff Avalle's claim must be dismissed pursuant to Rule 12(b)(6) because she failed to exhaust her administrative remedies under the ERISA-governed plan. ............................................................................................. 6

    D.    *Rule 19 Joinder:* Plaintiffs' Amended Complaint should be dismissed pursuant to Rule 12(b)(7) because Plaintiffs have failed to join employers, plans and plan administrators that are necessary and indispensable parties. .................................. 6

        1.    Plaintiffs' employers and plans are necessary parties. ................................ 7

        2.    Plaintiffs' employers and plans are indispensable parties that cannot be joined. .......................................................................................................... 8

        3.    Plaintiffs' employers and plans cannot be joined, so dismissal is appropriate. .......................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*A.T. v. Oley Valley Sch. Dist.*,
  No. 17-cv-4983 (JLS), 2023 WL 1453143 (E.D. Pa. Feb. 1, 2023) ..........................................2

*Am. Trucking Ass'n, Inc. v. New York State Thruway Auth.*,
  795 F.3d 351 (2d Cir. 2015)......................................................................................................8

*Berni v. Barilla S.p.A.*,
  964 F.3d 141 (2d Cir. 2020)......................................................................................................4

*Berton v. Aetna Inc.*,
  No. 23-cv-01849 (HSG), 2024 WL 869651 (N.D. Cal. Feb. 29, 2024) ..............................9, 10

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983).....................................................................................................................4

*Conkright v. Frommert*,
  559 U.S. 506 (2010)...................................................................................................................6

*County of Los Angeles v. Davis*,
  440 U.S. 625 (1979)...................................................................................................................2

*Crouse-Hinds Co. v. Internorth, Inc.*,
  634 F.2d 690 (2d Cir. 1980)......................................................................................................8

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
  142 S.Ct. 1562 (2022).........................................................................................................2, 10

*Doe v. Fairfax Cnty. Sch. Bd.*,
  No. 18-cv-00614 (MSN)(IDD), 2023 WL 424265 (E.D. Va. Jan. 25, 2023)............................2

*FMC Corp. v. Holliday*,
  498 U.S. 52 (1990).....................................................................................................................9

*Hayes v. Prudential Ins. Co. of Am.*,
  819 F.2d 921 (9th Cir. 1987) .....................................................................................................2

*In re Anthem, Inc. Data Breach Lit.*,
  162 F. Supp. 3d 953 (N.D. Cal. 2016) ......................................................................................1

*In re Torcise*,
  116 F.3d 860 (11th Cir. 1997) ...................................................................................................8

*Kennedy v. Empire Blue Cross & Blue Shield*,
　989 F.2d 588 (2d Cir. 1993)......................................................................................................6

*Kulwicki v. Aetna Life Ins. Co.*,
　No. 22-cv-229 (VDO) (D. Conn. 2024).............................................................................9, 10

*Legal Aid Society v. City of New York*,
　114 F.Supp.2d 204 (S.D.N.Y. 2000)....................................................................................8, 10

*Lynch v. Sperry Rand Corp.*,
　62 F.R.D. 78 (S.D.N.Y. 1973) ..................................................................................................9

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
　471 F.3d 377 (2nd Cir. 2006)....................................................................................................7

*McCormick ex rel. McCormick v. Sch. Dist. of Mamaroneck*,
　370 F.3d 275 (2d Cir. 2004)......................................................................................................3

*Murthy v. Missouri*,
　603 U.S. 43 (2024)....................................................................................................................5

*Negron v. Patel*,
　6 F. Supp. 2d 366 (E.D. Pa. 1998) ...........................................................................................1

*Northrop Corp. v. McDonnell Douglas Corp.*,
　705 F.2d 1030 (9th Cir. 1983) ..................................................................................................8

*Peregrine Myanmar Ltd. v. Segal*,
　89 F.3d 41 (2d Cir. 1996).........................................................................................................8

*Roach v. Mail Handlers Ben. Plan*,
　298 F.3d 847 (9th Cir. 2002) ................................................................................................1, 2

*Schmitt v. Kaiser Found. Health Plan of Washington*,
　965 F.3d 945 (9th Cir. 2020) ....................................................................................................7

*Spokeo, Inc. v. Robins*,
　578 U.S. 330 (2016)..................................................................................................................3

*Sprint Commc'ns Co., L.P. v. APCC Servs.*,
　554 U.S. 269 (2008)..................................................................................................................5

**Rules**

Fed. R. Civ. P. 12..............................................................................................................1, 2, 6, 10

Fed R. Civ. P. 19...........................................................................................................6, 7, 8, 9, 10

Fed. R. Civ. P. 26........................................................................................................................... 2

Defendant Aetna Life Insurance Company ("Aetna") respectfully submits this reply in support of its motion to dismiss Plaintiffs' Second Amended Class Action Complaint ("Am. Compl.") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(7) ("Mot.") [Dkt. 78] in response to Plaintiffs' Opposition to Aetna's motion ("Opp.") [Dkt. 123].

A.   *FEHBA Exclusive Remedy:*  **Plaintiff Gordon's sole remedy under her FEHBA Plan lies against OPM.**

Plaintiff Gordon's attempt to circumvent the exclusive remedy provision of the FEHBA completely misses the mark. Her claim, by definition, is one for health benefits—benefits that exist solely by virtue of the FEHBA and her health benefit plan. The cases she cites for the proposition that FEHBA members can sue insurance companies for federal and statutory law violations are completely inapposite, because they deal with preemption of state law claims. However, those authorities nonetheless reinforce Aetna's motion.

Only one case involved insurance benefits, and the court there held that a state law claim affecting insurance benefit claims was preempted by FEHBA. *Negron v. Patel*, 6 F. Supp. 2d 366, 370 (E.D. Pa. 1998) (state law bad faith claim against insurance company was "an easy case for FEHBA preemption"). In the other two cases, the courts found that the claims at issue were not preempted by the FEHBA because they were completely unrelated to a denial of insurance benefits. *See Roach v. Mail Handlers Ben. Plan,* 298 F.3d 847, 851 (9th Cir. 2002) (medical malpractice claim where the member never sought insurance coverage); *In re Anthem, Inc. Data Breach Lit.*, 162 F. Supp. 3d 953, 1014 (N.D. Cal. 2016) (unfair competition claim).

Ms. Gordon's ACA claim is akin to the one in *Negron*—although it is, on its face, a claim for discrimination, it challenges Aetna's handling of a claim for benefits in a way that implicates the FEHBA and necessitates OPM's participation. As the court noted in *Roach*, tort claims relating to the *administration* of a FEHBA benefit claim are not separable from the terms of the

underlying FEHBA contract.  *Roach,* 298 F.3d at 850 (*citing Hayes v. Prudential Ins. Co. of Am.*, 819 F.2d 921, 925 (9th Cir. 1987)).  The same is true of Ms. Gordon's ACA claim.

**B.**     ***Article III Standing:*** **Plaintiffs Gordon, Mayers, Avalle, Homnick and Herley lack standing under Article III and their claims must be dismissed under Rule 12(b)(1).**

Plaintiffs Gordon and S.N.—the "Damages Plaintiffs"—seek to represent a Damages Class to recover "economic losses, including but not limited to expenses incurred paying out-of-pocket for GAFR surgeries."  Opp. at 17.  Plaintiffs Mayers, Homnick and Herley (along with Plaintiff Avalle)—the "Injunctive Relief Plaintiffs"—seek to represent an Injunctive Relief Class for declaratory and prospective injunctive relief to address "Aetna's continued application" of its GAFR policy.  Opp. at 15-16.  *See also* Am. Compl. at p. 52; Rule 26(f) Report [Dkt. 49] at 3.

***Plaintiff Gordon (Damages Plaintiff).***  The Damages Plaintiffs' claims are restricted to economic losses because damages for emotional distress are not recoverable under the ACA.  *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562, 1576 (2022).  Courts applying *Cummings* have made clear that the ACA does not support damages, however characterized, that "are proxies for impermissible emotional distress damages."  *Doe v. Fairfax Cnty. Sch. Bd.*, No. 18-cv-00614 (MSN)(IDD), 2023 WL 424265, at * 5-6 (E.D. Va. Jan. 25, 2023); *see also A.T. v. Oley Valley Sch. Dist.*, No. 17-cv-4983 (JLS), 2023 WL 1453143 (E.D. Pa. Feb. 1, 2023).  The Damages Plaintiffs here thus properly limit their claims to purely economic losses.

Moreover, a claim is moot where "(1) it can be said with assurance that there is no reasonable expectation ... that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."  *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

Ms. Gordon appealed Aetna's coverage decision to her plan sponsor, OPM, which approved, and directed Aetna to cover, the gender-affirming coverage she sought.  Opp at. 8; Am.

2

Compl. at ¶¶ 45, 50.  OPM also revised the benefit terms of its FEHBA Plan to expressly provide coverage for certain gender-affirming surgeries.  *Id.* at ¶ 148.  Ms. Gordon has received the GAFR surgeries she sought, apparently funded by "community donations and monetary support from a friend."  Opp. at 8; *see also* Am. Compl. at ¶¶ 47-49.  Despite OPM's approval of her GAFR coverage, however, Ms. Gordon has never submitted any request to Aetna or OPM for reimbursement for the cost of her procedures.  Mot. at 8, Sheehy Decl. ¶ 7.

Plaintiff makes clear that she alleges no *future* injury and that her claim is solely one for *past* monetary loss.  *See* Opp. at 17.  But she offers no explanation for her failure to submit a claim for reimbursement for any past expenses she may have incurred.  It may be that because she incurred no actual out-of-pocket costs herself, there was no reimbursement to submit under her Plan.[1]

In sum, Plaintiff Gordon does not allege that she has suffered any actual past economic loss, much less any loss that would not have been paid had she simply submitted a reimbursement claim under her FEHBA Plan.  Her claim here is moot, and she lacks Article III standing, because she alleges no injury that this Court can address that she could not already have remedied had she pursued the coverage OPM approved.

***Plaintiff Mayers (Injunctive Relief Plaintiff).***  The Injunctive Relief Plaintiffs concede that to obtain prospective equitable relief, they must show a likelihood they will be injured in the future.  Opp. at 15-16.  *See McCormick ex rel. McCormick v. Sch. Dist. of Mamaroneck*, 370 F.3d 275, 284 (2d Cir. 2004).  To satisfy the injury in fact requirement for equitable relief, Plaintiffs must allege an "actual or imminent, not conjectural or hypothetical" threat of injury.  *Spokeo,*

---

[1] Ms. Gordon left her employment, and her FEHBA coverage lapsed, effective December 31, 2023. Mot. at 8, Sheehy Decl. ¶ 8.  But she received the GAFR surgeries in 2023, while still covered under her FEHBA Plan, and the termination of her employment would not impact her right to seek reimbursement for procedures she received during her employment, assuming she actually paid out-of-pocket for them.

*Inc. v. Robins*, 578 U.S. 330, 339 (2016). They cannot establish the requisite *prospective* harm simply by pointing to some *past* injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *see also Berni v. Barilla S.p.A.*, 964 F.3d 141, 146-47 (2d Cir. 2020).

Ms. Mayers appealed Aetna's initial decision, and Aetna overturned its denial and authorized the procedures Ms. Mayer requested on December 3, 2024. Mot. at 9, Powell Decl. ¶ 6 and Ex. B. In addition, her employer retroactively removed the GAFR exclusions from its Plan and authorized Aetna to approve Ms. Mayers' request. Mot. at 9, Strickland Decl. ¶ 6.

Ms. Mayers lacks Article III standing to seek declaratory and prospective injunctive relief because her employer has revised its Plan to provide the GAFR coverage she sought, and her coverage request and claims have been approved for payment. She faces no actual or imminent threat of future injury sufficient to support standing to seek prospective equitable relief.[2]

**Plaintiffs Avalle, Homnick, and Herley (Injunctive Relief Plaintiffs)**. These Plaintiffs seek only declaratory and prospective injunctive relief, which they argue "would remove the primary barrier categorically denying them coverage for GAFR." Opp. at 20. But the injury these Plaintiffs allege is not one that is traceable to Aetna or one the Court can redress because the injunction they seek against Aetna alone will not remedy the harm they allege. Absent their employers, who control the benefits under their plans, the Court lacks the power to order the plan coverage and fund the medical care Plaintiffs ultimately seek.

Plaintiffs' own pleadings make this clear. Plaintiffs acknowledge that three of them completed the administrative review offered by their plans, with the result that two of their

---

[2] Plaintiff Mayers seeks only prospective equitable relief as a member of the Injunctive Relief Class. She also lacks Article III standing to seek monetary relief, however, because her GAFR coverage has been approved and her claim is moot. Plaintiffs acknowledge in their Opposition that Ms. Mayers received her GAFR surgery in April 2025 but do not assert that she has submitted any reimbursement claim to Aetna for payment. *See* Opp. at 9, n. 11.

4

employers (Gordon and Mayers) revised their plans to provide the GAFR coverage these two Plaintiffs requested (Am. Compl. at ¶¶ 50, 66, 148; *see also* Mot. at 9, Strickland Decl. ¶ 6), while the third employer (Homnick), after extensive discussions, specifically declined to cover most GAFR procedures under its plan (Am. Compl. at ¶ 88).  The remaining two Injunctive Relief Plaintiffs (Avalle and Herley) never pursed the administrative review their plans offered, with the result that neither employer was given an opportunity to directly consider their GAFR requests.  *See* Mot. at 11, 15. Powell Decl. ¶¶ 5, 17.

Plaintiffs cite no authority for the proposition that Aetna is empowered to approve a different benefit than Plaintiffs' employers intended—especially where, as in the case of Dr. Homnick, the employer has directed that its plan does not cover the requested benefit.  Nor do they explain how an injunction against *Aetna alone* could compel their *employers* to cover and fund the medical care they seek under a plan that specifically disallows it.  Plaintiffs lack Article III standing because they cannot establish that the injury they allege (denial of facial gender-affirming surgery under their employer-funded health plans) is one that is traceable to Aetna or that the Court can redress by an injunction against Aetna alone.  Redressability requires a showing that "it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit." *Sprint Commc'ns Co., L.P. v. APCC Servs.*, 554 U.S. 269, 273 (2008).  And "it is a bedrock principle that a federal court cannot redress injury that results from the independent action of some third party not before the court." *Murthy v. Missouri*, 603 U.S. 43, 57 (2024).[3]

---

[3] Plaintiffs Gordon and S.N. are no longer covered by an Aetna-administered plan and thus lack standing for prospective equitable relief.  Plaintiff Gordon seeks only monetary relief as a member of the Damages Class, but that claim is moot.  Plaintiff S.N. also seeks only monetary relief (Opp. at 17).

C.    *ERISA Exhaustion:*  **Plaintiff Avalle's claim must be dismissed pursuant to Rule 12(b)(6) because she failed to exhaust her administrative remedies under the ERISA-governed plan.**

Plaintiff Avalle's plan was created under and is governed by ERISA. The plan confers certain benefits—but those benefits are expressly subject to a mandatory administrative review process designed to avoid unnecessary litigation. *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993). Deference to this administrative process "promotes efficiency by encouraging resolution of benefits disputes through internal administrative proceedings rather than costly litigation." *Conkright v. Frommert*, 559 U.S. 506, 517 (2010).

Such deference is especially appropriate here, as Plaintiffs' own circumstances illustrate. The only two Plaintiffs who pursued the full administrative review afforded by their plans (Gordon and Mayers) both ultimately received the GAFR coverage they sought.

Ms. Avalle's claim is premature because she has not exhausted the administrative process required by her plan to afford her employer an opportunity to consider her coverage request. Her claim should be dismissed without prejudice until she exhausts her administrative remedies.

D.    *Rule 19 Joinder:* **Plaintiffs' Amended Complaint should be dismissed pursuant to Rule 12(b)(7) because Plaintiffs have failed to join employers, plans and plan administrators that are necessary and indispensable parties.**

Even allowing for the deference afforded Plaintiffs at the pleading stage, one fact is inescapable: the end result Plaintiffs seek is *payment* for GAFR coverage under their respective employer's plans—to, in their words, "put the absent parties [the employers] in the position of paying what they always owed as a benefit under the plan." Opp. at 32. Aetna is not the insurer of these plans, however; rather, the plans were created, administered and entirely funded by the employers. Plaintiffs intentionally have not joined the employers here—indeed, Plaintiffs do not contest that this Court lacks jurisdiction over them—but the absent employers' plans and finances are plainly and inextricably impacted by the outcome of this litigation.

6

1. **Plaintiffs' employers and plans are necessary parties.**

The ACA creates no freestanding right to plan benefits. The ACA "does not…require covered entities to cover any particular procedure or treatment." *Schmitt v. Kaiser Found. Health Plan of Washington*, 965 F.3d 945 (9th Cir. 2020). Any entitlement Plaintiffs may have to GAFR benefits arises solely by virtue of the plans their employers created and fund. The essential relief Plaintiffs seek—declaratory and injunctive relief reforming their plans and, ultimately, requiring payment of particular benefits by their employers—can be achieved only through the plans and the employers responsible for each plan.

Plaintiffs' own circumstances make this clear. One Plaintiff (Homnick) took her GAFR request directly to her employer, who, after extensive discussion and consideration, concluded that its plan does not cover all of the procedures she sought. The employers for two other Plaintiffs (Gordon and Mayers) revised their plans and approved Plaintiffs' coverage requests, and it is unclear what more these Plaintiffs expect from their employers—but whatever that might be, they have not explained how Aetna alone is empowered to provide it.

Plaintiffs acknowledge that necessary parties under Rule 19(a) are "those parties whose ability to protect their interests would be impaired because of that party's absence from litigation." Opp. at 31 (quoting *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2nd Cir. 2006)). Plaintiffs also concede that their ultimate goal is to require their employers to cover and pay for GAFR under their plans (Opp. at 32)—relief that undeniably can be afforded only by the employers themselves, with direct and inevitable impact to their plans and coffers. Yet they seek to deny their employers the ability to be heard on these matters in which they so clearly have a vital interest.

Plaintiffs' assertion that the absent employers are "extraneous" and have "no legally protected interest" in the outcome of this litigation (Opp. at 30, 31) is incorrect and, indeed, is

7

belied by the very cases they cite. In *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983), the court declined to join a governmental entity that was not a party to the underlying contract in dispute. The court recognized the general rule, however, "that all parties who may be affected by a suit to set aside a contract must be present." *Id.* at 1044. Similarly, in *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996), the court held that a foreign ministry was not a necessary party under Rule 19 because the litigation would not "require[] the Ministry to do anything or change any of its positions."

Neither circumstance applies here, of course, where Plaintiffs' avowed goal is to require each of the absent employers to "pay[] what they always owed as a benefit under the plan." Opp. at 32. Here, "the potential for prejudice is obvious. 'No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may affected by the determination of the action are indispensable.'" *Legal Aid Society v. City of New York*, 114 F.Supp.2d 204, 221 (S.D.N.Y. 2000) (quoting *Crouse-Hinds Co. v. Internorth, Inc.*, 634 F.2d 690, 701 (2d Cir. 1980)).

### 2. Plaintiffs' employers and plans are indispensable parties that cannot be joined.

As Plaintiffs acknowledge, a party is indispensable under Rule 19(b) when "in equity and good conscience, the party is one without whom the action between the remaining parties cannot proceed." *Am. Trucking Ass'n, Inc. v. New York State Thruway Auth.*, 795 F.3d 351, 357 (2d Cir. 2015); *see* Opp. at 32-33. The determination whether an absent party is indispensable turns on "pragmatic considerations, especially the effect on parties and the litigation." *In re Torcise*, 116 F.3d 860, 865 (11th Cir. 1997).

While Plaintiffs engage in considerable verbal gymnastics to suggest otherwise, they ultimately concede, as they must, that their goal is to require their employers to provide and pay for GAFR coverage. That is the inescapable, pragmatic consequence of the relief they seek.

Indeed, a prominent subtext throughout Plaintiffs' complaint and briefing is that Aetna—and, by extension, the employers whose plans Aetna administers—should be required to apply generally the regulatory mandates of a handful of states that require coverage for facial gender-affirming surgeries. *See* Am. Compl. at ¶ 147, Opp. at 6-7, 24 n. 17. But Plaintiffs' employer-funded plans are not insurance contracts—Aetna does not underwrite them—and the plans thus are not subject to state insurance regulations. *FMC Corp. v. Holliday*, 498 U.S. 52, 64 (1990) ("[I]f the plan is uninsured, the State may not regulate it."). Plaintiffs' plain, though unacknowledged, goal in this litigation is to employ the ACA as a vehicle to subject their employers—and, indeed, every self-funding employer in the country—to these state-law insurance mandates, using Aetna as a surrogate.

Plaintiffs' employers, whose plans and coffers are so plainly the ultimate targets of this litigation, are indispensable parties under Rule 19(b) precisely because it would be inequitable to proceed without affording them an opportunity to be heard. *See, e.g., Lynch v. Sperry Rand Corp.*, 62 F.R.D. 78, 83-4 (S.D.N.Y. 1973) (Unions that negotiated the employers' retirement plan were necessary and indispensable parties: "Once the validity of certain provisions in the agreements has been ruled on, the absent union's interests are affected without their having been accorded an opportunity to be heard by the court.").[4]

---

[4] Plaintiff's citation to the *Berton* and *Kulwicki* decisions is misplaced. *See* Opp. at 20-21, 28-29. While the court in *Berton* held that the plan sponsor was not a necessary party at the pleading stage of the case, the court explicitly noted that it "may revisit this issue once a more complete factual record is developed" because "at the pleading stage, the [c]ourt cannot say as a matter of law that [the] plaintiff necessarily would be able to obtain complete relief without the [plan

9

3. **Plaintiffs' employers and plans cannot be joined, so dismissal is appropriate.**

Plaintiffs do not contest that this Court lacks jurisdiction over their employers and concede that dismissal is warranted where "the defect cannot be cured." Opp. at 33. Dismissal is appropriate here, pursuant to Rule 19(b)(4), because each plaintiff "would have an adequate remedy if the action were dismissed for nonjoinder"—i.e., an action joining their employer in a proper jurisdictional forum.

Alternatively, the Court should dismiss Plaintiffs' claims for equitable relief, which are aimed at and so clearly prejudice the absent employers and their plans. *See Legal Aid Society*, 114 F.Supp.2d at 221 (dismissing request for injunctive relief to ameliorate prejudice to absent party while retaining claim for monetary damages addressed solely against defendant).[5]

\* \* \*

For the foregoing reasons, Aetna respectfully requests the Court dismiss Plaintiffs' Amended Complaint pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(7).

---

sponsor] as a party." *Berton v. Aetna Inc.*, No. 23-cv-01849 (HSG), 2024 WL 869651, at \*6 (N.D. Cal. Feb. 29, 2024). And the court in *Kulwicki* directed the parties to conduct discovery on the plan sponsor's role in the benefit design of its self-funded plan. *Kulwicki v. Aetna Life Ins. Co.*, No. 22-cv-229 (VDO) (D. Conn. 2024).

[5] Plaintiffs insist that their claims for monetary relief are directed only at Aetna; that they do not seek the payment of plan benefits but rather only "damages" for Aetna's denial of their GAFR coverage. Opp. at 28-29. Plaintiffs do not explain, however, how the damages they seek amount to anything other than a payment of plan benefits—especially since the Supreme Court made clear in *Cummings* that emotional distress damages are not available under the ACA. To the extent Plaintiffs damages amount to the payment of plan benefits, those damages, even if nominally awarded against Aetna, ultimately would be chargeable to each employer's plan. Because it is unclear at this stage precisely what "damages" Plaintiffs seek, however, the Court could address the most immediate prejudice to the absent employers by dismissing Plaintiffs' claims for equitable or injunctive relief and reserving for later resolution the question whether Plaintiffs' claims for monetary damages also necessarily impact and prejudice their absent employers. A similar approach was taken by the court when faced with a nearly identical question in *Kulwicki*, supra., where the court dismissed claims for injunctive relief and allowed discovery to proceed on the role of the plan sponsor at issue there.

*Theodore J. Tucci*
Theodore J. Tucci (ct05249)
Abby M. Warren (ct30077)
Christopher A. Costain (ct31612)
Robinson & Cole LLP
One State Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax: (860) 275-8299
ttucci@rc.com
awarren@rc.com
ccostain@rc.com

Sarah Reeves (*pro hac vice*)
Earl B. Austin (*pro hac vice*)
Baker Botts LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-2649
Fax: (212) 408-2449
sarah.reeves@bakerbotts.com
earl.austin@bakerbotts.com

*Counsel for Defendant*
*Aetna Life Insurance Company*

**CERTIFICATION**

I hereby certify that on June 6, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: June 6, 2025

> */s/ Theodore J. Tucci*
> Theodore J. Tucci