IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BINAH GORDON *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AETNA LIFE INSURANCE COMPANY, <br><br> Defendant. | No. 3:24-cv-01447-VAB |

**JOINT MOTION FOR EXTENSION OF DISCOVERY DEADLINES**

Pursuant to Fed. R. Civ. P. 6(b)(1)(A) and Local Rule 7(b), Plaintiffs and Defendant Aetna Life Insurance Company (collectively, "the Parties'), by their respective counsel, jointly move to extend the deadline for the completion of fact discovery, and to reasonably modify the other deadlines impacted by the parties' requested extension of the deadline for the completion of fact discovery as they are currently set forth in the Court's April 14, 2025 Scheduling Order (ECF No. 103) (the "Order").

The Parties' request for an extension is supported by good cause. On April 9, 2025, Plaintiffs served twelve requests for production on Defendant, and six interrogatories on Defendant on May 20, 2025. Defendant has served no discovery on Plaintiffs outside of the limited discovery it sought for the purpose of its response to Plaintiffs Jamie Homnick and Gennifer Herley's motion for preliminary injunction. Since May 2025, the Parties have met and conferred on several occasions and exchanged correspondence toward progress on discovery, including discussions about how Aetna maintains and may search for and produce certain relevant electronic data and the time-consuming nature of that process, which may include a manual review of potentially relevant information. These efforts have revealed the need for a reasonable extension of the current

deadline for the completion of fact discovery and subsequent discovery deadlines. As the Parties have identified that the production of structured data will be particularly time intensive, the Parties have included a deadline for the completion of document production and time to negotiate disputes, a period for any motions practice, and then a deadline for the completion of all fact discovery.

The Parties respectfully request that the Court set a deadline for the Parties to complete productions for outstanding discovery requests, where in agreement, and to narrow any discovery disputes by **February 13, 2026**.[1] The Parties also respectfully request that the Court set deadlines for the Parties to bring any discovery disputes to the Court by **February 27, 2026** and for the parties to complete fact depositions by **April 17, 2026**.

The Parties further respectfully request that the Court proportionally extend the deadlines listed in the Order to account for the Parties' proposed modification of the deadline to complete fact discovery, as set forth below:

| Event | Original Date | Proposed Modified Date |
|---|---|---|
| **Completion of document productions** | N/A | **February 13, 2026** |
| **Deadline for any discovery-related motions practice** | N/A | **February 27, 2026** |
| Completion of fact depositions | October 31, 2025 | **April 17, 2026** |
| Designation of expert witnesses (bear burden of proof) | November 7, 2025 | **April 24, 2026** |
| Depositions of expert witnesses (bear burden of proof) | December 19, 2025 | **June 5, 2026** |
| Designation of expert witnesses (do not bear burden of proof) | January 23, 2026 | **July 10, 2026** |
| Depositions of expert witnesses (do not bear burden of proof) | February 27, 2026 | **August 14, 2026** |
| Completion of all discovery | February 27, 2026 | **August 14, 2026** |
| Parties' joint request for settlement conference | March 6, 2026 | **August 21, 2026** |
| Motion for class certification | April 24, 2026 | **October 9, 2026** |

---

[1] The Parties do not intend for this discovery production deadline to preclude the Parties from making additional, limited discovery requests based on new information learned during fact or expert depositions.

2

This is the Parties' first request for an extension of these discovery-related pre-trial deadlines, and this request is being filed at least seven (7) calendar days before the current fact discovery deadline as required by this Court's pretrial preferences. The Parties share a commitment to continue working amicably to resolve disputes and to avoid unnecessary burden on the Court and believe a modest extension of time to substantially complete fact discovery, until February 13, 2026, will facilitate that aim.

WHEREFORE, for good cause shown, the Parties respectfully request that the Court grant the Parties' jointly requested extension of the discovery-related case management deadlines as specified herein.

October 24, 2025

Respectfully submitted,

/s/ *Earl B. Austin*
Theodore J. Tucci (ct05249)
Abby M. Warren (ct30077)
Christopher A. Costain (ct31612)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel.: (860) 275-8200
Fax: (860) 275-8299
ttucci@rc.com
awarren@rc.com
ccostain@rc.com

Sarah Reeves (*pro hac vice*)
Earl B. Austin (*pro hac vice*)
Baker Botts LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-2649

/s/ *Harini Srinivasan*
Christine E. Webber (admitted *pro hac vice*)
Harini Srinivasan (admitted *pro hac vice*)
Aniko R. Schwarcz (admitted *pro hac vice*)
Elizabeth M. McDermott (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave, NW, Suite 800
Washington, DC 20005
Phone: (202) 408-4600
Fax: (202) 408-4699
cwebber@cohenmilstein.com
hsrinivasan@cohenmilstein.com

Joseph J. Wardenski [ct31674]
WARDENSKI P.C.
134 West 29th Street, Suite 709

| | |
|---|---|
| Fax: (212) 408-2449<br>sarah.reeves@bakerbotts.com<br>earl.austin@bakerbotts.com | New York, NY 10001<br>Phone: (347) 913-3311<br>Fax: (347) 467-7237<br>joe@wardenskilaw.com |
| *Counsel for Aetna Life Insurance Company* | Gabriel Arkles (admitted *pro hac vice*)<br>Ezra Cukor (admitted *pro hac vice*)<br>Sydney Duncan (admitted *pro hac vice*)<br>Kelly Parry-Johnson (admitted *pro hac vice*)<br>ADVOCATES FOR TRANS EQUALITY EDUCATION FUND<br>520 Eighth Avenue, Suite 2204<br>New York, NY 10018<br>Phone:(646) 993-1688<br>Fax: (646) 993-1686<br>ecukor@transequality.org<br>kparry-johnson@transequality.org |
| | *Counsel for Plaintiffs* |

4