## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BINAH GORDON *et al*., | |
| Plaintiffs, | |
| v. | No. 3:24-cv-01447-VAB |
| AETNA LIFE INSURANCE COMPANY, | |
| Defendant. | December 18, 2025 |

### AETNA LIFE INSURANCE CO.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Aetna Life Insurance Co. ("Aetna") respectfully submits *United States v. Skrmetti*, 605 U.S. 495 (2025), *Lange v. Houston Co.,* 152 F.4th 1245 (11th Cir. 2025), *Pritchard on behalf of C.P. v. Blue Cross Blue Shield of Ill.*, 159 F.4th 646 (9th Cir. 2025), *Brandt by and through Brandt v. Griffin*, 147 F.4th 867 (8th Cir. 2025), and *Poe by and through Poe v. Drummond*, 149 F.4th 1107 (10th Cir. 2025) as supplemental authority in support of Aetna's Motion to Dismiss (ECF No. 78) and Aetna's Opposition to Plaintiffs Gennifer Herley and Jamie Homnick's Motion for Preliminary Injunction (ECF No. 102).  *Skrmetti*, *Lange, Pritchard, Brandt* and *Poe* furnish authority relevant to the instant case as follows:

First, Aetna's Motion to Dismiss flagged that a Tennessee law prohibiting gender identity-related medical treatments for minors was under review in *United States v. Skrmetti*, and an opinion from the Supreme Court of the United States was forthcoming.  *See* Aetna's Memorandum in Support of its Motion to Dismiss (ECF No.78-1), at 44 n.20.  It is uncontested that 14th Amendment and relevant civil rights case law informs applicable standards under the Affordable Care Act's § 1557.  That decision was issued on June 18, 2025, attached hereto as **Exhibit A,** with the Supreme Court holding that Tennessee's law does not discriminate on the basis of sex because it does not "prohibit conduct for one sex that it permits for the other."  605

U.S. at 514-15. Tennessee's law prohibiting testosterone treatments for minors did not discriminate on the bases of sex. *Id.* at 498.

After the decision in *Skrmetti*, numerous appellate and district courts decided cases relying on the Supreme Court's reasoning. The 11th Circuit issued its en banc opinion in *Lange v. Houston County* on September 9, 2025, attached hereto as **Exhibit B**, finding that the Houston County employee health insurance plan's denial of coverage of gender affirming care did not discriminate on the basis of sex, transgender status, or sex stereotypes. 152 F.4th at 1249. Applying *Skrmetti*, the 11th Circuit found that sex was not a "but-for cause," because regardless of biological sex, the health plan exclusion applied. *Id.* at 1252. If the plaintiff were a natal woman interested in transitioning from female-to-male, rather than a natal male transitioning from male-to-female, the policy would operate in the same way and deny coverage. Even assuming that "transgender status" was a protected class under Title VII, the court stated that Houston County's plan made a distinction based on "medical use" of the procedure and not transgender status. *Id.* at 1253. (Covering procedures for reconstructive treatment after cancer, but not for those same procedures for gender dysphoria.)

The 9th Circuit decided *Pritchard* on November 17, 2025, attached hereto as **Exhibit C,** finding that without more, sex was not a "but-for cause" of the plan's exclusion of gender-affirming care, and remanding the case to the District of Illinois for reconsideration in light of *Skrmetti*. 159 F.4th at 669-672. (Remand to determine whether diagnosis other than gender dysphoria supported received treatment or whether plan exclusion was pretext to effect invidious discrimination on transgender individuals.)

Similarly, the 8th Circuit decided in *Brandt* on August 12, 2025, attached hereto as **Exhibit D**, holding an Arkansas law that prohibiting physicians and other healthcare providers

from providing gender transition procedures to minors made no classifications based on sex.  147 F.4th at 879.

Lastly, the 10th Circuit issued its opinion in *Poe,* attached hereto as **Exhibit E**, on August 6, 2025.  The court found that, like SB1 in *Skrmetti*, applicability of Oklahoma's law prohibiting certain gender transition procedures for minors turns only on age and medical use—whether a provider can administer these procedures is based solely on age of the patient and the condition being treated.  149 F.4th at 1122-23.  Quoting the district court, the 10th Circuit found that "there is no consensus in the medical field about the extent of the risk or benefits of the Treatment Protocols to address a minor's gender dysphoria.  Thus, in light of the ongoing debates among medical professionals, Oklahoma's decision to enact SB 613 rationally relates to its concerns about the safety and efficacy of treating gender dysphoria with these gender transitioning procedures."  Although Oklahoma's law technically discriminates on the basis of age and medical purpose, it does not do so unconstitutionally.  *Id.* at 1123.

<u>*Theodore J. Tucci*</u>
Theodore J. Tucci (ct05249)
Abby M. Warren (ct30077)
Christopher A. Costain (ct31612)
Robinson & Cole LLP
One State Street
Hartford, CT 06103-3597
Tel.: (860) 275-8200
Fax: (860) 275-8299
ttucci@rc.com
awarren@rc.com
ccostain@rc.com

Sarah Reeves (*pro hac vice*)
Earl B. Austin (*pro hac vice*)
Baker Botts LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-2649
Fax: (212) 408-2449
sarah.reeves@bakerbotts.com
earl.austin@bakerbotts.com

*Counsel for Defendant*
*Aetna Life Insurance Company*

## **CERTIFICATION**

I hereby certify that on December 18, 2025 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*Theodore J. Tucci*
Theodore J. Tucci (ct05249)