IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BINAH GORDON *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>                Defendant. | No. 3:24-cv-01447-VAB |

**MOTION TO STRIKE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
AND TO ORDER SUPPLEMENTAL POST-ARGUMENT BRIEFING**

       Plaintiffs respectfully move to strike Defendant Aetna Life Insurance Company's improper and untimely Notice of Supplemental Authority [ECF No. 134] (the "Notice"), filed on December 18, 2025, which is effectively a sur-sur-reply on Plaintiff's Motion for Preliminary Injunction [ECF No. 61] and a sur-reply on Defendant's Motion to Dismiss [ECF No. 79] (the "Motions"). Defendant filed the 720-word Notice—which newly cites and discusses five cases decided over the last six months that Defendant contends are relevant to the Motions—without leave of the Court. Despite these months-old and largely non-controlling decisions, Defendant filed its Notice just one week before the Christmas holiday and three weeks before the January 8, 2026, oral argument on the Motions, which was set by this Court over a month ago on November 13, 2025 [ECF No. 132]. Aetna failed to explain its protracted delay in alerting the Court to this authority until this late date.

       For the reasons stated below, Plaintiff requests that the Court strike the notice and, should the Court deem further briefing on the relevance of the Supreme Court's decision in *United States v. Skrmetti*, 605 U.S. 495 (2025), to be helpful, to direct the parties to file a supplemental brief no longer than ten pages each after the January 8 argument, and on or before January 15, 2026.

1

I.  **The Court Should Strike Defendant's Notice as an Untimely and Unauthorized Sur-Reply.**

Aetna's 720-word filing, which cites and argues the purported relevance of five cases, is an improper attempt to file an unsanctioned sur-reply on its Motion to Dismiss and a sur-sur-reply to Plaintiff's Motion for Preliminary Injunction. Under Local Civil Rule 7(d), "[n]o sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause." Aetna did not seek permission to file this brief nor make any showing of good cause to justify the filing. The Court should strike the Notice.

Both Motions have been pending and fully briefed for over seven months. Plaintiffs filed the pending Motion for Preliminary Injunction on March 3, 2025. Defendant opposed the motion on April 11, 2025 [ECF No. 81]. After Plaintiffs filed their reply brief on April 29, 2025 [ECF No. 114], Defendant filed a sur-reply, with this Court's leave, on May 9, 2025 [ECF No. 120]. Plaintiff filed a sur-rebuttal, with this Court's leave, on that same day [ECF No. 121]. Defendant filed the pending Motion to Dismiss on April 11, 2025 [ECF No. 78]; Plaintiffs filed their opposition brief on May 16, 2025 [ECF No. 123]; and Defendant filed its reply on June 6, 2025 [ECF No. 126].

In its Notice, which Aetna asserts is relevant to both Motions, Aetna cites and discusses the Supreme Court's opinion in *Skrmetti*, which was issued on June 18, 2025, just twelve days after briefing concluded on the Motion to Dismiss here. Aetna does not explain its six-month delay in notifying the Court of this case. Given the opportunity, Plaintiffs would argue that *Skrmetti* is legally and factually distinguishable from this case and, in any event, is not dispositive on the issues presently before the Court. Aetna then goes on to cite and discuss four non-controlling, out-of-circuit decisions decided on August 6, August 12, September 9, and November 17, 2025, also without any explanation of its failure to disclose this assertedly relevant authority to the Court sooner. Indeed, four of the five decisions contained in the Notice were decided prior to the parties'

November 13 status conference with the Court to discuss potential argument on the Motions; Aetna's counsel did not raise this authority or the need for additional briefing at that conference or for more than a month thereafter.

I. **Even if the Court Treats the Notice as a Notice of Supplemental Authority, It Should Disregard the Arguments Raised for the First Time in the Notice and the Non-Controlling Out-of-Circuit Cases Aetna Cites.**

Aetna improperly attempts to use the Notice as a vehicle to make new arguments not made in its previous briefing on the Motions. *See Arroyo-Castro v. Gasper*, No. 3:25-CV-00153 (SFR), 2025 U.S. Dist. LEXIS 215843, at *42-43 (D. Conn. Nov. 3, 2025) (finding that party forfeited argument raised for first time in notice of supplemental authority that was not raised in briefing on motion for preliminary injunction); *Martin v. Integon Nat'l Ins. Co.*, No. 3:22-CV-0736 (SVN), 2025 U.S. Dist. LEXIS 134257, at *18-19 (D. Conn. July 15, 2025) (declining to consider "belated argument" contained in notice of supplemental authority "filed shortly before the oral argument," including citation to case decided years before the pending motion).

Aetna has not previously raised the argument—which appears for the first time in the Notice—that the challenged exclusion does not discriminate on the basis of sex in violation of Section 1557 because sex is not the "but-for" cause of the exclusion. Rather, Aetna raised only narrow Section 1557 arguments in its briefing. In opposing Plaintiffs' Motion for Preliminary Injunction, Aetna's sole defense to Plaintiffs' Section 1557 claim is that the challenged exclusion did not "*intentionally* discriminate[] against transgender persons." Def.'s Br. in Opp. to Mot. for Prelim. Inj. at 42-43 [ECF No. 81]. In its Motion to Dismiss, Aetna only raises limited procedural Section 1557 defenses under Rule 12(b)(6) for two of the Plaintiffs—Binah Gordon and Alma Avalle, Def.'s Mem. in Support of Mot. to Dismiss at 29-31, 39-42 [ECF No. 79-1], without

contesting that Aetna's enforcement of the discriminatory exclusion is a cognizable form of sex discrimination under Section 1557 for Gordon, Avalle, or any of the other Plaintiffs.

Even if Aetna had asserted these arguments in its briefing, this Court need not consider the non-controlling case law contained in the Notice. *See Amara v. Cigna Corp.*, No. 3:01-CV-2361 (JBA), 2020 U.S. Dist. LEXIS 4824, at *8 n.3 (D. Conn. Jan. 10, 2020) (declining to consider notice of supplemental authority containing "a collection of ten recent lawsuits from across the country" because "none has produced an opinion that is binding on this court").

## II. Plaintiffs Request a Briefing Deadline After the January 8 Argument to Submit Supplemental Briefing on the Impact of *Skrmetti*, if any, on Plaintiffs' Section 1557 Claims.

Plaintiffs do not concede that *Skrmetti*, which involved purely constitutional claims challenging a factually distinguishable government ban on gender-affirming care for minors, has any direct bearing on their statutory claims under Section 1557. Nevertheless, of the five cases cited in the Notice, only *Skrmetti* is potentially binding on this Court. If it is Aetna's position that *Skrmetti* made new defenses available that were unavailable during the extensive briefing on the Motions last spring, Aetna should have requested supplemental briefing to make those arguments rather than improperly raise them for the first time in a belated notice of supplemental authority.

For the reasons explained above, Plaintiffs request that the January 8 argument proceed as planned, to avoid further delay and associated irreparable harm to Plaintiffs Gennifer Herley and Jamie Homnick from their inability to obtain medically necessary gender-affirming facial reconstruction surgeries.

To the extent *Skrmetti* bears on the issues currently before the Court (which Plaintiffs do not concede), it is solely on the question presented in the Motion for Preliminary Injunction of whether Plaintiffs Gennifer Herley and Jamie Homnick are likely to succeed on the merits of their

Section 1557 claims. The Motion to Dismiss, for which the only Section 1557 defenses invoked by Aetna were procedural ones, can be decided without further briefing. Aetna has not sought to amend its Motion to Dismiss to make merits arguments and should not be permitted to do so now.

Plaintiffs therefore request that the Court, should it deem supplemental briefing on *Skrmetti* helpful in resolving the Motion for Preliminary Injunction, direct both sides to file a single brief of no longer than ten pages on or before January 15, 2026, after the scheduled argument on January 8, addressing the sole question of what, if any, relevance *Skrmetti* has on Plaintiffs' likelihood of success on the merits, with no further briefing by either side.

Plaintiffs ask for any supplemental briefing to be due after the January 8 argument for several reasons. Plaintiffs' attorneys have limited capacity to substantively brief the impact of *Skrmetti* between now and January 8 because of holiday-related office closures, travel plans, family obligations, and obligations in other matters over the next two weeks, particularly since Aetna waited six months to notify the Court that it was asserting defenses under *Skrmetti*. Plaintiffs do not wish to delay the scheduled argument, particularly in light of the urgency of the requested preliminary injunctive relief for Plaintiffs Herley and Homnick, who face ongoing harms resulting from their inability to obtain gender-affirming facial reconstruction surgery under Aetna's exclusion. Plaintiffs respectfully request that the Court not reschedule argument, as doing so would only reward Aetna for its tardiness in filing its Notice by further delaying the resolution of the Motions.

For the foregoing reasons, Plaintiffs request that the Court strike Aetna's Notice of Supplemental Authority and direct any supplemental briefing on the applicability of *Skrmetti* to Plaintiffs' Motion for Preliminary Injunction to be due after the scheduled January 8 argument, and on or before January 15, 2026.

DATED: December 19, 2025                    Respectfully submitted,

/s/ Joseph J. Wardenski
Joseph J. Wardenski [ct31674]
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Phone: (347) 913-3311
Fax: (347) 467-7237
joe@wardenskilaw.com

Gabriel Arkles (admitted *pro hac vice*)
Ezra Cukor (admitted *pro hac vice*)
Sydney Duncan (admitted *pro hac vice*)
Kelly Parry-Johnson (admitted *pro hac vice*)
Seran Gee (admitted *pro hac vice*)
ADVOCATES FOR TRANS EQUALITY
EDUCATION FUND
520 Eighth Avenue, Suite 2204
New York, NY 10018
Phone:(646) 993-1688
Fax: (646) 993-1686
garkles@transequality.org
ecukor@transequality.org
sduncan@transgenderlegal.org
kparry-johnson@transequality.org
sgee@transequality.org

Christine E. Webber (admitted *pro hac vice*)
Harini Srinivasan (admitted *pro hac vice*)
Aniko R. Schwarcz (admitted *pro hac vice*)
Elizabeth McDermott (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave, NW, Suite 800
Washington, DC 20005
Phone: (202) 408-4600
Fax: (202) 408-4699
cwebber@cohenmilstein.com
hsrinivasan@cohenmilstein.com
aschwarcz@cohenmilstein.com
emcdermott@cohenmilstein.com

*Attorneys for Plaintiffs*