IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BINAH GORDON *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | No. 3:24-cv-01447-VAB |

### JOINT MOTION FOR DISCOVERY CONFERENCE

Pursuant to this Court's Pretrial Preferences, Plaintiffs and Defendant Aetna Life Insurance Company (collectively, the "Parties"), by their respective counsel, jointly move to schedule a discovery conference with the Court.

On October 27, 2025, the Court granted the Parties' Joint Motion for Extension of Time, extending the deadline to complete productions for outstanding discovery requests to February 13, 2026. Dkt. No. 129. In their joint motion, the Parties cited primarily to the need for time for Aetna Life Insurance Company ("Aetna") to produce structured data and for the Parties to discuss, review, and supplement Aetna's production of the data as the reason for requiring an extension. *See* Dkt. No. 128 at 2.

The Parties agree that document and data discovery will not be complete by February 13, however, and that it will be necessary to revise the current discovery schedule.

**Plaintiffs' Position**

Plaintiffs seek a discovery conference to address the completion of discovery following the current February 13 deadline, which the Parties agree will not be met. After the Court granted the Parties' joint motion to extend discovery deadlines on October 27, Plaintiffs continued to engage with Aetna to finalize the parameters for structured data production. As Aetna discusses below, a

necessary prerequisite to Aetna conducting a data search was the Parties' agreement on inclusion of the medical procedures commonly used for gender affirming facial reconstruction ("GAFR") and the Current Procedural Terminology (CPT) procedure codes and ICD-10 diagnosis codes (standardized codes used for medical billing) associated with gender dysphoria, the relevant diagnosis for the Named Plaintiffs and putative class. The Parties began the process in summer 2025 of identifying the relevant CPT codes that are associated with GAFR when linked to the diagnosis codes for gender dysphoria. On November 7, 2025, Plaintiffs accepted Aetna's proposed list of CPT codes for only an initial data pull to allow production to move forward without further delay; at that time, the Parties agreed that a second pull would be done for more procedures. At that point, the Parties had reached agreement on the CPT codes governing the initial dataset. After additional discussion, and again in the interest of expediting production, Plaintiffs agreed on November 18, 2025 to limit the initial data pull to two ICD-10 codes, specific diagnosis codes for gender dysphoria. By the time of this filing, Plaintiffs have not yet received an initial dataset.

     Plaintiffs served their First Set of Requests for Production of Documents on April 9, 2025. Since that time, Defendant has produced a sampling of documents, but the Parties agree that Aetna has not yet completed document production.

     On January 20, 2026, Defendants served on Plaintiffs Requests for Production for each of the Named Plaintiffs. Plaintiffs have notified Aetna that they will do their best to provide responsive documents by February 13 but as those requests were served upon Plaintiffs less than 30 days before that deadline, Plaintiffs are not bound to provide responses within that timeframe.

     The Parties will assuredly continue to meet and confer in an effort to negotiate a post-February 13 schedule. However, based on the history of discovery in this case—that has been pending for over a year—Plaintiffs believe Court involvement will be necessary to ensure that

discovery proceeds to completion in a timely fashion. Accordingly, Plaintiffs request that the Court direct the Parties to brief the Court in advance of a scheduled discovery conference on any remaining disputes about either the substance or schedule for completing discovery.

**Aetna's Position**

Aetna agrees with Plaintiffs' request that the Court schedule a discovery conference in early March.

With regard to production of claims data, the process the parties agreed upon is well underway. By way of background, a necessary prerequisite to Aetna conducting a data search was the parties' agreement on inclusion of the medical procedures commonly used for facial feminization and the Current Procedural Terminology (CPT) procedure codes and ICD-10 diagnosis codes (standardized codes used for medical billing) associated with the relevant procedures. This was required here because there currently are no standard CPT codes specifically designated for Gender Affirming Facial Reconstruction or facial feminization surgery; rather, the procedure codes are the same as are used to bill for facial surgeries of all kinds. In order to define the scope of the search it was first necessary to reach agreement on both the individual CPT *procedure* codes for the facial procedures most commonly used for facial feminization, as well as the ICD-10 *diagnosis* codes most commonly associated with requests for gender affirming facial surgeries in particular. Conducting a claim data search requires pairing those procedure and diagnosis codes to attempt to locate within Aetna's massive claims data set those denied coverage requests for facial surgery for the purpose of gender-affirming facial feminization as opposed to some other purpose unrelated to this case.

The absence of standardized codes greatly complicates this process. There is no established blueprint for this, and the parties have worked together to formulate an initial code set. In June

2025, Aetna proposed a set of 40 CPT procedure codes and one ICD-10 diagnosis code drawn from Aetna's experience with facial feminization requests it has received in the past; the list was Aetna's best estimate based on its experience with these claims. Plaintiffs would not agree to that list and wanted add additional CPT and ICD-10 codes that, in Aetna's experience, were either unrelated or secondary to the primary procedures, the inclusion of which would further confound the final data output. The parties conferred multiple times over several weeks on this issue. Aetna's position throughout was that it would be most efficient, and would minimize the risk of confounding data, to begin the data search using the most common codes; the parties could then consider additional searches, using secondary codes, as necessary, with the benefit of having the primary dataset at hand. Plaintiffs would not agree with this approach and continued to advocate for adding codes to the initial search.

The parties finally reached agreement on a combined set of 46 procedure codes and two diagnosis codes on November 18, 2025, which then allowed Aetna to begin the electronic claim data collection.

Aetna has completed that data pull and is processing the data for production—for example, anonymizing the data to assign a unique litigation number to each member to preserve PHI protections for those individuals. Barring any unforeseen complications, Aetna believes it is on track to produce that dataset by February 13.

With respect to other discovery, Aetna has produced 7,800 pages of documents thus far, including historical revision and approval documents relating to the Clinical Policy Bulletins at issue here. Aetna also expects to produce documents from an email search involving the employer-sponsors of Plaintiffs' Plans by February 13. Plaintiffs' provided Aetna with a proposed list of additional email search terms on January 30, 2026, and the parties are working on additional email

searches and other written discovery, which they believe can be completed under a revised schedule. Aetna is also awaiting responses to its own outstanding discovery requests, which it believes can also be addressed under a revised schedule.

* * *

**Issues for Resolution**

The Parties respectfully request a discovery conference to address the completion and sequencing of document and data productions following the February 13 deadline, which the Parties agree will not be met. The conference would permit the Court to address the scope and timing of remaining structured data and document productions, consistent with both Parties' Requests for Production and the Parties' ESI Protocol. Court involvement is appropriate to set revised deadlines and interim production benchmarks and to provide oversight to ensure the timely completion of discovery.

The Parties request that the Court hold a discovery conference in early March, so that they have an opportunity to evaluate the initial claims data production on February 13. The Parties will be prepared to address any issues necessary for the Court's consideration at that time.

The Parties respectfully request that the Court hold a telephonic discovery conference at the Court's convenience on March 4 or 5, or during the week of March 9, as may be convenient for the Court.

DATED: February 6, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Earl B. Austin* | */s/ Joseph J. Wardenski* |
| Sarah Reeves (*pro hac vice*) | Joseph J. Wardenski [ct31674] |
| Earl B. Austin (*pro hac vice*) | WARDENSKI P.C. |
| Baker Botts LLP | 134 West 29th Street, Suite 709 |
| 30 Rockefeller Plaza | New York, NY 10001 |
| New York, NY 10112 | Phone: (347) 913-3311 |
| Tel.: (212) 408-2649 | Fax: (347) 467-7237 |
| Fax: (212) 408-2449 | joe@wardenskilaw.com |
| sarah.reeves@bakerbotts.com | |
| earl.austin@bakerbotts.com | |

| | |
|---|---|
| Theodore J. Tucci (ct05249) | Christine E. Webber (admitted *pro hac vice*) |
| Abby M. Warren (ct30077) | Harini Srinivasan (admitted *pro hac vice*) |
| Christopher A. Costain (ct31612) | Aniko R. Schwarcz (admitted *pro hac vice*) |
| Robinson & Cole LLP | Elizabeth M. McDermott (admitted *pro hac vice*) |
| 280 Trumbull Street | COHEN MILSTEIN SELLERS & TOLL PLLC |
| Hartford, CT 06103-3597 | 1100 New York Ave, NW, Suite 800 |
| Tel.: (860) 275-8200 | Washington, DC 20005 |
| Fax: (860) 275-8299 | Phone: (202) 408-4600 |
| ttucci@rc.com | Fax: (202) 408-4699 |
| awarren@rc.com | cwebber@cohenmilstein.com |
| ccostain@rc.com | hsrinivasan@cohenmilstein.com |
| | aschwarcz@cohenmilstein.com |
| *Counsel for Aetna Life Insurance Company* | emcdermott@cohenmilstein.com |

Gabriel Arkles (admitted *pro hac vice*)
Ezra Cukor (admitted *pro hac vice*)
Sydney Duncan (admitted *pro hac vice*)
Kelly Parry-Johnson (admitted *pro hac vice*)
Seran Gee (admitted *pro hac vice*)
ADVOCATES FOR TRANS EQUALITY
EDUCATION FUND
520 Eighth Avenue, Suite 2204
New York, NY 10018
Phone: (646) 993-1688
Fax: (646) 993-1686
garkles@transequality.org
ecukor@transequality.org
sduncan@transequality.org
kparry-johnson@transequality.org
sgee@transequality.org

*Attorneys for Plaintiffs*