IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BINAH GORDON *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 3:24-cv-01447-VAB |

**PLAINTIFFS' PRE-CONFERENCE SUBMISSION
REGARDING DISCOVERY DISPUTES**

Pursuant to this Court's Pretrial Preferences, in advance of the Court's telephonic conference on March 5, 2026, Plaintiffs submit this brief to explain their position on the discovery issues identified in the Parties' Joint Motion for Discovery Conference. ECF No. 146. Since discovery in this case began nearly eleven months ago, Plaintiffs have diligently and timely propounded discovery requests and responded to requests from Defendant Aetna Life Insurance Company ("Aetna" or "Defendant").[1] By contrast, Aetna has engaged in delay tactics, made untimely discovery requests, and made belated and deficient productions, which has hindered the parties' ability to complete timely discovery in accordance with court-imposed deadlines.

Court intervention is necessary to hold Aetna to account and to avoid future delays. Specifically, Plaintiffs request that the Court (1) extend the relevant discovery deadlines by four months, as set forth in the Appendix; (2) order the Parties to file monthly status reports on discovery progress and hold periodic status conferences as needed; and (3) order such other accountability measures the Court deems appropriate.

---

[1] For example, Plaintiffs served objections and responses for Aetna's over 180 Requests for Production by February 13, 2026, despite the untimeliness of Aetna's requests.

I.      BACKGROUND

A.  Aetna's Protracted and Continued Delay in Producing Structured Class Data

After Aetna failed to produce any class data for ten months, its belated production on February 13, 2026 was grossly deficient. On April 9, 2025, Plaintiffs served twelve requests for production ("RFPs") on Aetna, including a request for detailed class data (RFP No. 11). Specifically, Plaintiffs requested "[d]atabase information in raw, electronic, machine-readable form regarding all persons who sought coverage for GAFR from a health benefits plan offered, underwritten, or administered by Aetna during the relevant time period through the date of trial," listing twelve categories of requested data. RFP No. 11.

On June 25, 2025, Aetna proposed Current Procedural Terminology ("CPT") procedure codes and an ICD-10 diagnosis code (an "F code") for it to search to produce a class-wide dataset. On July 15, 2025, Plaintiffs proposed additional CPT and F Codes to capture the full range of gender-affirming facial reconstruction ("GAFR") services that are excluded by Aetna's challenged policy. While the Parties continued negotiating CPT Codes, on August 20, 2025, Aetna agreed to produce data related to the Named Plaintiffs only, before conducting broader searches. Despite many follow-ups from Plaintiffs, two months lapsed before Aetna produced the Named Plaintiff data. Although the fact discovery deadline then was October 31, 2025, Scheduling Order at 1, ECF No. 103, Aetna did not provide any estimated timeline for producing the remaining class data.

In mid-October 2025, when it was apparent that the discovery schedule would need to be modified, Aetna proposed a deadline of mid-February 2026 to complete document and data production, stating it was "a reasonable date to commit to getting the claims data finalized." Ex. 1 at 7. Plaintiffs' counsel confirmed that "Aetna will complete its productions by mid-February such that *all* document productions are completed" and that "the parties are expecting that there are

going to be (at least) two rounds of production – one to aggregate all affected individuals, and a second to get in all related procedures." *Id.* Aetna's counsel agreed. *Id.* At 6. Based on this understanding, Plaintiffs agreed to file a joint motion for extension on October 24, 2025, ECF No. 128, requesting a February 13, 2026, deadline for production, and fact deposition deadline of April 17, 2026.

But after the Court approved that joint motion, Aetna continued to slow-walk the process of reaching agreement on relevant CPT and F codes. On November 7, 2025, Aetna provided an updated list of proposed CPT codes, to which Plaintiffs agreed the same day. Plaintiffs then re-raised their F Code proposal from July 2025, which had been ignored by Aetna. Aetna's counsel inaccurately asserted that the Parties agreed to those codes in May. After several emails and a meet and confer, Aetna ultimately agreed to search two of the four F codes that Plaintiffs had proposed.

After not having heard anything from Aetna regarding the class data since early December, on January 29, 2026, two weeks before the court-ordered production deadline, Plaintiffs informed Aetna's counsel that they believed Court intervention was necessary because Aetna had failed to produce *any* structured class data within the extended discovery period. Aetna responded that it would produce an initial, preliminary dataset to Plaintiffs by February 13, 2026—the court-ordered deadline to complete *all* productions. Plaintiffs objected, reminding Aetna that the Parties had agreed, and the Court had ordered, that all productions would be *completed* by February 13.Despite that objection, Aetna produced only one of the two expected class-wide data productions on February 13, 2026. Based on Plaintiffs' initial review, Aetna's February 13 class data production suffers from at least two major deficiencies. First, Aetna unilaterally limited the data set to claim *denials*, which neither comports with RFP No. 11 (which requests data "regarding all persons who sought coverage for GAFR from a health benefits plan offered, underwritten, or administered by

3

Aetna" in the relevant period), nor with the Parties' subsequent agreements. Second, Aetna appears to have substantially cleaned and filtered the data, removing relevant data that was included in the Plaintiff-specific data Aetna had produced in October 2025. As of the date of this filing, Aetna has not produced the second class data set.

### B. Aetna's Production of Responsive Documents for Other Requests is Incomplete.

Aetna has also failed to complete its production of documents in response to other RFPs propounded by Plaintiffs on April 9, 2025. For example, as of the date of this filing, Aetna has produced some responsive documents for only seven of Plaintiffs' eleven non-data RFPs.[2] Aetna has also lodged legally unsupportable objections to searching for ESI in accounts held by any custodian in Aetna's legal department, regardless of whether these custodians have non-privileged, relevant, and responsive ESI. Finally, Aetna has not confirmed whether it accepts Plaintiffs' January 30 proposal regarding appropriate search terms.[3]

## II. ARGUMENT

This Court "has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012); *see also Reilly v. NatWest Mkts. Grp.*, 181 F.3d 253, 267 (2d Cir. 1999) ("Whether exercising its inherent power, or acting [under the Federal Rules of Civil Procedure], a district court has wide discretion in sanctioning a party for discovery abuses."). Given Aetna's repeated failures to timely meet its

---

[2] While most of these RFPs require ESI (for which the Parties have been negotiating custodians and search terms), Aetna has even failed to produce responsive documents for one RFP that does not require ESI (RFP No. 6).

[3] Aetna's lack of diligence in discovery efforts has further complicated resolution on custodians and search terms because it has dropped search terms and custodians it previously proposed or agreed to search. For example, Plaintiffs emailed Aetna on January 30, 2026, to respond to Aetna's October search term and custodian proposal. Plaintiffs' response was delayed, in part, because Aetna unilaterally dropped search terms it had initially proposed, requiring Plaintiffs to carefully comb through the Parties' previous emails to ensure that nothing else had been dropped or changed. Further, Aetna's productions have omitted relevant custodians from its recent proposals. For example, in Aetna's February 9, 2026, email proposing a list of custodians to search for ESI, Aetna did not include Tracey Pinto, a custodian it identified as a reviewer of one of the Named Plaintiff's insurance claims.

4

discovery obligations, forcing repeated extensions of court-ordered deadlines, court intervention is necessary to amend the operative discovery deadlines and ensure that, within those amended deadlines, Aetna (1) produces the requested structured class data adhering to agreed-upon scope, timing, and sequencing protocols, and (2) conducts agreed-upon ESI searches and produces responsive documents, without further extensions of an already prolonged discovery schedule. To that end, Plaintiffs request that the Court order the Parties to file monthly status reports on discovery progress, hold periodic status conferences, and order such other measures the Court deems appropriate to complete timely discovery within the amended schedule.

Plaintiffs anticipate that Aetna will argue that the data pull has been unreasonably burdensome, causing its delays. However, Aetna stated in writing that the agreed-upon schedule for *finalizing* claims data was "reasonable," Ex. 1 at 7, and has never argued that this has changed. The Court should take Aetna at its word. Aetna has the capacity to produce the requested data and has done so in similar cases challenging other discriminatory coverage exclusions. *See, e.g.*, ECF No. 170, *Kulwicki v. Aetna, Inc.*, No. 22-cv-229, at 3 (D. Conn. Jan. 12, 2026) ("Defendant advised Plaintiff of its proposed phased, multi-step process for collecting and reviewing claims data relevant to class discovery"); Dkt No. 102, *Brainbuilders LLC v. Aetna Life Ins. Co.*, No. 17-cv-3626 (D.N.J. Nov. 15, 2023) (Aetna committing to producing claims data); *Peters v. Aetna, Inc.*, No. 15-cv-109, 2023 WL 3829407, at *9 (W.D.N.C. June 5, 2023) (Aetna provided claims data permitting Plaintiff to identify "87,754 members" who suffered the class-wide injury). Even if fulfilling Plaintiffs' requests became burdensome, Aetna was obligated to keep Plaintiffs and the Court informed of its progress and potential inability to meet deadlines. *Cf.* Fed. R. Civ. P. 26(e). Aetna failed to do so in a timely manner.

### III. CONCLUSION

Given Aetna's failure to make substantial progress in producing responsive documents since the Court's October 27, 2025, Order, Plaintiffs reluctantly acknowledge that a second extension is necessary. Plaintiffs therefore request that the Court order a four-month extension of the relevant discovery deadlines, as set forth in the Appendix, and set appropriate safeguards to ensure that Aetna will satisfy its discovery obligations without further delay.

DATED: February 26, 2026

Respectfully submitted,

/s/ Joseph J. Wardenski
Joseph J. Wardenski
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
(347) 913-3311
joe@wardenskilaw.com

Christine E. Webber*
Harini Srinivasan*
Aniko R. Schwarcz*
Elizabeth M. McDermott*
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, NW, Suite 800
Washington, DC 20005
(202) 408-4600
cwebber@cohenmilstein.com
hsrinivasan@cohenmilstein.com
aschwarcz@cohenmilstein.com
emcdermott@cohenmilstein.com

Gabriel Arkles*
Ezra Cukor*
Sydney Duncan*
Kelly Parry-Johnson*
Seran Gee*
ADVOCATES FOR TRANS EQUALITY
EDUCATION FUND
520 Eighth Avenue, Suite 2204
New York, NY 10018
(646) 993-1688
garkles@transequality.org
ecukor@transequality.org
sduncan@transequality.org
kparry-johnson@transequality.org
sgee@transequality.org

*Admitted pro hac vice*

*Attorneys for Plaintiffs*
