**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BINAH GORDON *et al*., | |
| Plaintiffs, | |
| v. | No. 3:24-cv-01447-VAB |
| AETNA LIFE INSURANCE COMPANY, | |
| Defendant. | |

**DEFENDANT AETNA'S PRE-CONFERENCE SUBMISSION
FOR MARCH 5, 2026, STATUS CONFERENCE**

Pursuant to this Court's Pretrial Preferences, Defendant Aetna Life Insurance Company ("Aetna") submits this position statement regarding discovery in anticipation of the upcoming telephonic status conference on March 5, 2026.

In sum, Aetna agrees with Plaintiffs that a reasonable extension of the discovery schedule is warranted. Aetna strongly disagrees, however, with Plaintiffs' mischaracterization of the circumstances necessitating an extension. Aetna also agrees with the revised case schedule Plaintiffs propose, with the exception of the deadline for completion of document discovery, which Aetna believes is unrealistic.

**A.      Background and Status of Discovery**

The principal sticking points on discovery to date have concerned (1) the production of claims data to identify individuals who may be members of the putative class Plaintiffs define in their complaint and (2) email searches from relevant Aetna custodians.

**Claims Data.** Plaintiffs seek to certify a damages class of individuals whose requests for GAFR coverage were denied based on Aetna's CPB 615. *See* Plaintiffs' Second Amended Complaint at ¶ 161. Aetna met and conferred with Plaintiffs multiple times beginning last June

to try to develop a search protocol to identify individuals with denials matching the parameters of Plaintiffs' class definition.

Aetna set forth its position regarding the circumstances and consequences of these discussions in the parties' Joint Motion for Discovery Conference [Dkt. 146] and will not repeat that discussion here. Aetna would add here only the observation that had it been allowed to proceed as it originally proposed in June—by beginning the data search using the 40 most common procedure codes and the relevant diagnostic codes—the initial data pull could have been completed over the summer. And the parties then would have been in a position to have an informed discussion last fall about any additional secondary searches that might be productive. But Aetna could not start the initial search until Plaintiffs signed off on the codes to be used, which did not occur until November.

Aetna produced that core dataset on February 13, as promised. To the extent Plaintiffs have questions or additional requests related to that data set, those issues can and should be dealt with initially through the meet and confer process, which is still underway. Aetna rejects any other characterization of the progress made to date, or the continuing process around this issue.

**Email Searches**. The parties' discussions regarding emails searches from Aetna custodians have been equally frustrating. Aetna proposed a list of email search terms in August 2025, which initiated a series of discussions with Plaintiffs' counsel; Aetna did not receive Plaintiffs' most recent proposal on search terms—consisting of 40 search strings each containing dozens of individual search terms—until *January 30, 2026*.

In addition, the parties began discussing a list of Aetna custodians last summer, and Aetna agreed to a set of 99 custodians in October 2025. Plaintiffs insisted on including nearly 100 additional Aetna custodians, the vast majority of whom are data entry or other clerical or

administrative personnel with no decision-making role whatsoever.  Plaintiffs finally agreed to a set of 117 more relevant custodians, spanning a six-year period, on *February 25, 2026*.

Although Plaintiffs failed to commit to a final set of search terms and custodians until just the last few days, Aetna concluded it was prudent to move forward with an email search involving the employer-sponsors of Plaintiffs' Plans, based on reasonable and appropriate search terms, and Aetna produced 1,300 pages of documents from those searches on February 13.  Again, Aetna could have undertaken and completed a similar search of a larger list of Aetna custodians much earlier had Plaintiffs engaged earlier in a more fulsome discussion of a set of search terms and custodians.

### B.    Proposed Deadlines

Plaintiffs attached to their pre-conference submission a proposed amended schedule.  *See* Dkt. 149-1.  Plaintiffs did not share or discuss that schedule with Aetna prior to filing it, but Aetna has no objection to the revised deadlines—with one exception.

Plaintiffs propose a deadline of March 13, 2026, for the completion of document productions.  Given that Plaintiffs only provided final approval for the list of Aetna custodians *yesterday*, it is wildly unrealistic to suggest that Aetna can complete, review, and produce emails generated by that search in two weeks.  Under the parties' agreement, Aetna will search 40 highly complex search term strings from 117 Aetna custodians—a process that will take multiple weeks to execute.

Barring unforeseen complications, Aetna believes it can complete the email searches pursuant to the parties' agreement by *April 30, 2026*.  Given that the next significant discovery deadline in Plaintiffs' proposed schedule is an August 17 date for the completion of fact depositions, Aetna suggests that a completion of document productions by the end of April will

allow the parties ample time to engage in any necessary discovery-related motion practice and prepare for and take depositions in this matter.

### C.    Conclusion

Aetna agrees with Plaintiffs' request that the case schedule be extended.  Aetna also agrees with the deadlines in Plaintiffs' proposed schedule, with the exception of the deadline for the parties' completion of document productions, which Aetna requests be set for *April 30, 2026* (with the deadline for discovery-related motions to follow thereafter).

Dated at Hartford, Connecticut this 26th day of February, 2026.

<div style="margin-left:50%;">

*Theodore J. Tucci*
Theodore J. Tucci (ct05249)
Abby M. Warren (ct30077)
Christopher A. Costain (ct31612)
Robinson & Cole LLP
One State Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax: (860) 275-8299
ttucci@rc.com
awarren@rc.com
ccostain@rc.com

Sarah Reeves (*pro hac vice*)
Earl B. Austin (*pro hac vice*)
Baker Botts LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-2649
Fax: (212) 408-2449
sarah.reeves@bakerbotts.com
earl.austin@bakerbotts.com

*Counsel for Defendant*
*Aetna Life Insurance Company*

</div>

4