**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BINAH GORDON *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 3:24-cv-01447-VAB |

**PLAINTIFFS' EMERGENCY MOTION TO ENFORCE
PRELIMINARY INJUNCTION AND FOR ORDER TO SHOW CAUSE**

Plaintiffs respectfully file this emergency motion requesting that the Court enforce its preliminary injunction, entered against Defendant Aetna Life Insurance Company ("Aetna") nearly three weeks ago, on March 8, 2026, *see* Ruling & Order on Pending Motions, at 55 [ECF No. 153] (the "Preliminary Injunction"), and to order Aetna to show cause why it shall not be held in contempt for its willful refusal to comply with this Court's order. Plaintiffs believe this motion can be decided without oral argument.

**INTRODUCTION**

In the Preliminary Injunction, the Court ordered Aetna "to make individualized coverage determinations as to Dr. Homnick and Dr. Herley only, on the basis of medical necessity, as opposed to categorically excluding their claims under CPB 0615." Preliminary Injunction at 55. Aetna, through counsel, informed Plaintiffs' counsel yesterday, March 30, 2026, that Aetna has taken no action to comply with Preliminary Injunction to date. Aetna has neither sought nor obtained a stay of the Preliminary Injunction, so its failure to comply with the Court's order is unjustified and impermissible, and is subjecting Drs. Homnick and Herley to ongoing irreparable

1

harm by further delaying their ability to obtain gender-affirming facial reconstruction ("GAFR"), the same harm that underpins the Court's Preliminary Injunction. *See id.* at 42.

## RELEVANT BACKGROUND

On March 11, 2026, three days after the Preliminary Injunction issued, Plaintiffs' counsel, Harini Srinivasan, emailed Aetna's counsel in advance of a scheduled meet-and-confer on discovery issues, requesting to discuss how Aetna intended to proceed with reprocessing Dr. Herley and Dr. Homnick's claims for GAFR coverage in compliance with the Preliminary Injunction. During the meet-and-confer that day, Defendant's counsel did not provide any information as to how Aetna planned to reprocess Plaintiffs' claims. Instead, Defendant's counsel informed Plaintiffs' counsel that they would check with Aetna about its intentions with reprocessing and any possible appeal.

Having heard no word from Aetna, Ms. Srinivasan requested a status update on how Aetna intended to proceed regarding the Preliminary Injunction via an email to Aetna's counsel on March 20, 2026. During another meet-and-confer on discovery issues on March 23, 2026, Aetna's counsel informed Plaintiffs' counsel that Aetna intended to appeal the Preliminary Injunction by the April 7, 2026, appeal deadline, and that Aetna expected the injunction to be stayed pending appeal. Plaintiffs' counsel informed Aetna's counsel that a stay is not automatic with an appeal, and Aetna would have to show irreparable harm from complying with the Court's order to justify a stay.

On March 27, 2026, Plaintiffs' counsel, Joseph Wardenski, emailed Aetna's counsel, requesting that Aetna advise Plaintiffs by Monday, March 30, 2026, at 5 pm., on "what, if any, actions Aetna has taken to date to comply with the injunction," explaining that "[i]f Aetna has not taken any action to comply with the order, [Plaintiffs] are prepared to notify the Court and, if necessary, file a motion to enforce the injunction [this] week." Ex. A at 3. In his email, Mr.

Wardenski explained that because "there is no stay of the injunction currently in effect," "Aetna has been and remains obligated to comply with the Court's order, which has now been in place for over two weeks." *Id.* at 2.

Aetna's failure to take any steps to comply with the Preliminary Injunction is particularly egregious given how minimal Aetna will be impacted by doing so. As Mr. Wardenski's March 27 email explained, based on Aetna's own documents produced during discovery, Aetna had already made the relevant medical necessity determinations for Dr. Herley and Dr. Homnick's requested GAFR services. Aetna had concluded that each woman satisfied *all* medical necessity criteria for these services, but denying the services solely based on the GAFR exclusion in Aetna's Clinical Policy Bulletin ("CPB") 0615. Ex. A at 2-3. Based on this new documentary evidence confirming that the individualized medical necessity determinations had been completed by Aetna long ago, Mr. Wardenski advised Aetna's counsel that its compliance with the Court's order would be simple and impose no burden on Aetna. *Id.*

On March 30, 2026, Aetna's counsel, Earl Austin, responded to Mr. Wardenski's March 27 email, recycling an argument that had already been rejected by this Court. *See* Preliminary Injunction at 26-28. Specifically, Mr. Austin claimed that Aetna would face "irreparable harm" by complying with the Preliminary Injunction because of the "conflicting legal obligations under the Order and the Plans," stating this Court's order "would require Aetna to administer the Plans in a manner that is directly contrary to what the employers have directed when they incorporated CPB 615 in their Plans and directed Aetna to follow it." Ex. A at 1. To the contrary, as the Court found, the relevant plans do not expressly exclude GAFR coverage and delegate decision-making on claims to Aetna, *see* Preliminary Injunction at 24, which must administer those plans consistent with its obligations under federal law. *See id.* at 25-26. This Court has already concluded that

3

neither Aetna, nor the non-party employers, have an interest in enforcing a contractual term that violates federal law or an order of this court. *See United States v. Kosinski*, 976 F.3d 135, 148 n.7 (2d Cir. 2020) ("a contract which violates the laws of the United States and contravenes the public policy as expressed in those laws is unenforceable"). Thus, without a contrary order, Aetna is obligated to comply with the Preliminary Injunction now.

## ARGUMENT

**I.      Aetna is obligated to comply with the Preliminary Injunction.**

Aetna has been free to move for a stay of the Preliminary Injunction for three weeks. It has not done so. In the absence of such a stay, its compliance with the Preliminary Injunction is mandatory. *GTE Sylvania v. Consumers Union of U.S.*, 445 U.S. 375, 386 (1980) ("[P]ersons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order"); *JPMorgan Chase Bank, N.A. v. VTB Bank, P.J.S.C.*, No. 24-2327, 2025 U.S. App. LEXIS 17685, at *2 (2d Cir. July 17, 2025) ("Litigants are generally expected to obey a court's orders . . . even if a litigant believes the order will eventually be reversed or vacated" (internal citations omitted)).

As explained above, Aetna has already determined that but for the categorical GAFR exclusion in CPB 0615, both Dr. Herley and Dr. Homnick meet all the clinical criteria for GAFR. *See supra* at 3; Ex. A at 2-3. Thus, to comply with the Court's order, Aetna need only to reissue those determinations without reference to the CPB 0615 exclusion. Under this Court's order, Aetna was required to comply immediately, which it could have done so swiftly and with minimal, if any, burden. Aetna's refusal to comply because it might seek a stay during its appeal of the Preliminary Injunction, without any stay in place, is impermissible.

4

**II.    This Court should order Aetna to show cause why it should not be held in contempt for ignoring its obligations under the Preliminary Injunction.**

Courts have "inherent power to enforce compliance with their lawful orders through civil contempt." *Worms v. Rozhkov (In re Markus)*, 78 F.4th 554, 564 (2d Cir. 2023) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). The punishment of civil contempt is appropriate even if the preliminary injunction is later overturned. *JPMorgan Chase Bank*, at *3 (citing *Matrix Essentials, Inc. v. Quality King Distribs., Inc.*, 324 F. App'x 22, 25 (2d Cir. 2009)). To hold a party in contempt, a court must find that (1) the order was clear and unambiguous, (2) the evidence of noncompliance was clear and convincing, and (3) the party did not diligently attempt to comply. *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004).

Here, the Preliminary Injunction clearly and unambiguous requires Aetna to "make individualized coverage determinations as to Dr. Homnick and Dr. Herley only, on the basis of medical necessity, as opposed to categorically excluding their claims under CPB 0615." Preliminary Injunction at 55. Further, Aetna, through counsel, has indicated in writing that it does not intend to comply with the order, and has made no attempt to as of the date of this submission. Given Aetna's willful defiance of the Preliminary Injunction and admitted refusal to make any effort to comply with its terms, the Court should order Aetna to show cause why it should not be held in contempt.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order Aetna to comply with the Preliminary Injunction immediately and without further delay, and to show cause why it should not be held in contempt for failing to comply with the Court's order.

5

DATED: March 31, 2026

Respectfully submitted,

/s/ Joseph J. Wardenski
Joseph J. Wardenski [ct31674]
Mack Karbon (*pro hac vice* motion forthcoming)
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Phone: (347) 227-2500
Fax: (347) 467-7237
joe@wardenskilaw.com
mack@wardenskilaw.com

Gabriel Arkles (admitted *pro hac vice*)
Ezra Cukor (admitted *pro hac vice*)
Kelly Parry-Johnson (admitted *pro hac vice*)
Sydney Duncan (admitted *pro hac vice*)
Seran Gee (admitted *pro hac vice*)
ADVOCATES FOR TRANS EQUALITY
EDUCATION FUND
520 Eighth Avenue, Suite 2204
New York, NY 10018
Phone:(646) 993-1688
Fax: (646) 993-1686
garkles@transgenderlegal.org
ecukor@transgenderlegal.org
sduncan@transgenderlegal.org

Christine E. Webber (admitted *pro hac vice*)
Harini Srinivasan (admitted *pro hac vice*)
Aniko R. Schwarcz (admitted *pro hac vice*)
Elizabeth McDermott (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave, NW, Suite 800
Washington, DC 20005
Phone: (202) 408-4600
Fax: (202) 408-4699
cwebber@cohenmilstein.com
hsrinivasan@cohenmilstein.com
aschwarcz@cohenmilstein.com
emcdermott@cohenmilstein.com

*Attorneys for Plaintiffs*

6