# EXHIBIT A

# RE: Gordon v. Aetna preliminary injunction

1 message

**Austin, Earl** <earl.austin@bakerbotts.com>                                      Mon, Mar 30, 2026 at 4:59 PM
To: Joseph Wardenski <joe@wardenskilaw.com>, "Reeves, Sarah" <sarah.reeves@bakerbotts.com>, "Tucci, Theodore" <TTUCCI@rc.com>, "Costain, Christopher A." <ccostain@rc.com>, "Miller, Victoria" <victoria.miller@bakerbotts.com>
Cc: Ezra Cukor <ecukor@transequality.org>, Elizabeth McDermott <emcdermott@cohenmilstein.com>, Harini Srinivasan <hsrinivasan@cohenmilstein.com>, Kelly Parry-Johnson <kparry-johnson@transequality.org>, Mack Karbon <mack@wardenskilaw.com>, Alyssa Lareau <alyssa@wardenskilaw.com>, Seran Gee <sgee@transequality.org>, "Christine E. Webber" <CWebber@cohenmilstein.com>, Fiadh McKenna <fmckenna@transequality.org>, Sydney Duncan <sduncan@transequality.org>, "dnimmagadda@cohenmilstein.com" <dnimmagadda@cohenmilstein.com>, Jack Einstein <jeinstein@transequality.org>, Aarushi Phalke <aphalke@cohenmilstein.com>, "Aniko R. Schwarcz" <aschwarcz@cohenmilstein.com>

Joe

Aetna does intend to exercise its right to appeal the preliminary injunction and will seek a stay of the injunction pending appeal, which, as you acknowledge, is Aetna's prerogative.

We disagree with your assertion that Aetna cannot establish irreparable harm justifying a stay of the order. As you know, the evidence was undisputed that the two employers here, B&L and MTA, specifically directed Aetna to follow and apply its CPB 615 in administering requests for gender-affirming services under their Plans.  The B&L Plan expressly incorporated Aetna's CPB in its provisions addressing gender affirming treatment.  The employers are not parties here and the Court's Order does "not modify the plans themselves."  Order at 27.  But the Order nonetheless enjoins Aetna from applying CPB 615 to Plaintiffs' claims and directs Aetna "to assess the Plaintiffs' claims under the criteria it currently uses to determine medical necessity in plans that override this policy exclusion."  *Id.* at 28.  The Order thus directs Aetna to ignore the very policy the employers instructed Aetna to follow in administering their Plans.

The Court's Order creates irreparable harm by putting Aetna in an untenable position: It cannot both comply with the Order and also fulfill its legal and contractual obligations as TPA to the employer plan sponsors.  So contrary to your assertion, Aetna cannot simply "excise[]" CPB 615 from the analysis and make an individual determination about Dr. Herley and Dr. Homnick.  Doing so would require Aetna to administer the Plans in a manner that is directly contrary to what the employers have directed when they incorporated CPB 615 in their Plans and directed Aetna to follow it.  The irreparable harm from the conflicting legal obligations under the Order and the Plans is more than sufficient to support Aetna's motion to stay.

Moreover, the Order and resulting injunction turn upon the Court's ruling that Aetna's CPB 615 discriminates on the basis of sex in violation of Section 1557 of the Affordable Care Act.  But that ruling is inconsistent with the Supreme Court's recent decision in *United States v. Skrmetti*, 605 U.S. 495 (2025) and the unanimous opinions of five circuit courts that have applied *Skrmetti* to policies that are functionally and legally indistinguishable from Aetna's here.  Accordingly, plaintiffs' assertion that Aetna would suffer no harm from "simply complying" with the Court's order is incorrect in Aetna's view.

Aetna can make a more than substantial showing that is likely to succeed on the merits of its appeal, as well as a showing of irreparable harm sufficient to support a stay.

I am happy to schedule a call to meet and confer on this issue.  I can be available tomorrow.

**Earl B. Austin | Senior Counsel | Baker Botts L.L.P.** ■ **|** 2001 Ross Avenue, Suite 900, Dallas, TX 75201 **|** 30 Rockefeller Plaza, New York, NY 10112-4498 **|** 214.953.6542 **|** 347.556.7326

---

**From:** Joseph Wardenski <joe@wardenskilaw.com>
**Sent:** Friday, March 27, 2026 10:41 AM
**To:** Austin, Earl <earl.austin@bakerbotts.com>; Reeves, Sarah <sarah.reeves@bakerbotts.com>; Tucci, Theodore <TTUCCI@rc.com>; Costain, Christopher A. <ccostain@rc.com>; Miller, Victoria <victoria.miller@bakerbotts.com>
**Cc:** Ezra Cukor <ecukor@transequality.org>; Elizabeth McDermott <emcdermott@cohenmilstein.com>; Harini Srinivasan <hsrinivasan@cohenmilstein.com>; Kelly Parry-Johnson <kparry-johnson@transequality.org>; Mack Karbon <mack@wardenskilaw.com>; Alyssa Lareau <alyssa@wardenskilaw.com>; Seran Gee <sgee@transequality.org>; Christine E. Webber <CWebber@cohenmilstein.com>; Fiadh McKenna <fmckenna@transequality.org>; Sydney Duncan <sduncan@transequality.org>; dnimmagadda@cohenmilstein.com; Jack Einstein <jeinstein@transequality.org>; Aarushi Phalke <aphalke@cohenmilstein.com>; Aniko R. Schwarcz <aschwarcz@cohenmilstein.com>
**Subject:** Gordon v. Aetna preliminary injunction

# [EXTERNAL EMAIL]

Earl,

During our meet-and-confer on Monday, you stated that Aetna intends to appeal the preliminary injunction on or before April 7, and to seek a stay of the injunction pending appeal. Although it is Aetna's prerogative to appeal the preliminary injunction, and to seek a stay pending such appeal, there is no stay of the injunction currently in effect. Thus, Aetna has been and remains obligated to comply with the Court's order, which has now been in place for over two weeks. Despite our repeated requests for information about Aetna's compliance with the injunction (including in emails from Harini on March 11 and 20), your statements on Monday implied that Aetna is not complying with the order at all because it might -- at some point in the future -- move for and obtain a stay. Such speculation is no basis for Aetna's failure to comply with the injunction.

Even if Aetna were to move for a stay, we reiterate Plaintiffs' position that Aetna cannot satisfy the requirements of a stay pending appeal, and that any effort to seek a stay would be futile and a waste of the parties' time and resources. Specifically, because Aetna's limited obligation under the narrow PI order is "to make individualized coverage determinations as to Dr. Homnick and Dr. Herley only, on the basis of medical necessity, as opposed to categorically excluding their claims under CPB 0615," ECF No. 153 at 55, Aetna cannot possibly show that it would "suffer irreparable injury absent a stay" sufficient to justify a stay pending appeal. See New Jersey v. U.S. Dep't of Transp., No. 26-282, 2026 U.S. App. LEXIS 7463, at *2-3 (2d Cir. Mar. 11, 2026) (recognizing that, as in the preliminary injunction context, irreparable harm to the enjoined party "is a critical prerequisite" for a stay pending appeal of a preliminary injunction) (citing Care One, LLC v. NLRB, 166 F.4th 335, 343 (2d Cir. 2026)). Even if Aetna were to show some financial loss associated with complying with the order, which it cannot, such losses are not irreparable. See id. at *3. Where there is no irreparable harm, a showing by Aetna of some likelihood of success on the merits of its defenses is insufficient to warrant a stay pending appeal. See id. at *4 ("In the absence of any showing of irreparable harm, [the enjoined party] must do more than show that the merits of its . . . challenge are debatable to secure a stay pending appeal.")

Of particular note, Aetna has produced documents (attached) establishing that it has already conducted the requisite individual medical necessity determinations for both Dr. Herley and Dr. Homnick (and other plaintiffs), finding both of them met each of the clinical criteria for GAFR. These documents state plainly that, despite the fact that they met the relevant clinical criteria, the claims were denied solely because of Aetna's application of the categorical CPB 0615 exclusion. See Case Summary for Jamie Homnick, AETNA-GORDON_00007046-47; Service Administrative Record for Gennifer Herley, at AETNA-GORDON_00007040. The relevant language is marked by red boxes in the attached files for ease of reference. Based on these documents, Aetna has already determined that the requested services are medically necessary but for the application of the enjoined exclusion. Based on Aetna's own, long-completed individualized reviews,

there is only one conclusion that can be reached when the CPB 0615 exclusion is excised from the analysis: these services are medically necessary for these two plaintiffs. There is no valid justification for Aetna refusing to comply with a valid, controlling court order for weeks, when such compliance would take a matter of minutes. Any suggestion that Aetna would be irreparably harmed by amending these determinations is not credible.

Please advise us by Monday at 5 p.m. what, if any, actions Aetna has taken to date to comply with the injunction. If Aetna has not taken any action to comply with the order, we are prepared to notify the Court and, if necessary, file a motion to enforce the injunction next week. We anticipate submitting the attached documents with any motion to enforce as further evidence that Aetna would face no harm from simply complying with the Court's order.

Best,

Joe

**Joseph Wardenski**

**Principal Attorney, Wardenski P.C.**

347.227.2500 (main) | 347.913.3311 (direct)

joe@wardenskilaw.com | www.wardenskilaw.com

Admitted to practice in NY and DC | he/him

**WARDENSKI P.C.**
Civil Rights Law

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.