**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BINAH GORDON, KAY MAYERS, ALMA AVALLE, JAMIE HOMNICK, GENNIFER HERLEY and S.N., *individually and on behalf of all similarly situated individuals*, <br><br> Plaintiffs, <br><br> v. <br><br> AETNA LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. 3:24-cv-1447-VAB <br><br><br><br> March 31, 2026 |

**<u>DEFENDANT'S MOTION TO STAY INJUNCTION PENDING APPEAL</u>**

Pursuant to Fed. R. Civ. P. 62(d), Defendant Aetna Life Insurance Company ("Aetna") respectfully moves to stay the Court's order and injunction dated March 8, 2026 [Dkt. 153] ("Order") requiring Aetna to make revised coverage determinations as to Plaintiffs Jamie Homnick ("Homnick") and Gennifer Herley ("Herley") without reference to its Clinical Policy Bulletin, pending Aetna's appeal of that Order and injunction to the Second Circuit.

Plaintiffs filed a motion for preliminary injunction to enjoin the application of Aetna's Clinical Policy Bulletin 615 ("CPB 615"), and the Court's Order grants that preliminary injunction. Order at 2. Aetna has filed a timely notice of appeal, together with this motion requesting that the Court stay and suspend the injunctive relief granted by the Order pending Aetna's appeal.

Under Federal Rule of Civil Procedure 62(d), a court "may suspend, modify, restore, or grant an injunction" while "an appeal is pending from an interlocutory order." Courts consider four factors when determining whether to issue a stay of an order pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether

the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The Second Circuit weighs these factors on a "sliding scale." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006). "Simply stated, more of one excuses less of the other." *Id. See also Lucy v. Bay Area Credit Serv LLC*, 2011 WL 13344167, at *1 (D. Conn. July 28, 2011) ("The degree to which a factor must be present varies with the strength of the other factors, meaning that "more of one [factor] excuses less of the other."). To obtain a stay pending appeal, "the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *LaRouche v. Kezer*, 20 F.3d 68, 72-73 (2d Cir. 1994).

Aetna can establish the requirements for issuance of a stay. For these reasons, which are set forth in more detail in Aetna's Memorandum in Support of its Motion to Stay Injunction Pending Appeal, Aetna respectfully requests that this Court stay the Order and injunction requiring Aetna to make individualized coverage determinations as to Plaintiffs Jamie Homnick ("Homnick") and Gennifer Herley ("Herley"), pending Aetna's appeal of the Order and injunction to the Second Circuit.

Dated at Hartford, Connecticut this 31st day of March, 2026.

*Theodore J. Tucci*
Theodore J. Tucci (ct05249)
Abby M. Warren (ct30077)
Christopher A. Costain (ct31612)
Robinson & Cole LLP
One State Street
Hartford, CT 06103-3597
Tel.: (860) 275-8200
Fax: (860) 275-8299
ttucci@rc.com
awarren@rc.com
ccostain@rc.com

Sarah Reeves (*pro hac vice*)
Earl B. Austin (*pro hac vice*)
Baker Botts LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-2649
Fax: (212) 408-2449
sarah.reeves@bakerbotts.com
earl.austin@bakerbotts.com

*Counsel for Defendant*
*Aetna Life Insurance Company*

3