**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BINAH GORDON *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>   Defendant. | No. 3:24-cv-01447-VAB |

**UNOPPOSED MOTION TO SEAL PORTIONS OF EXHIBITS TO PLAINTIFFS' BRIEF
IN OPPOSITION TO DEFENDANT'S MOTION TO STAY INJUNCTION**

Pursuant to the Court's Standing Protective Order, ECF No. 10, the Amended Stipulated Protective Order, ECF No. 104, and Rule 5(e) of the Local Rules for the United States District Court for the District of Connecticut, Plaintiffs seek leave to file under seal Exhibits 1 and 2 to their Brief in Opposition to Defendant's Motion to Stay Preliminary Injunction and in Support of their Emergency Motion to Enforce, ECF No. 162. In support of this motion, Plaintiffs state:

1. On September 10, 2024, this Court entered its Standing Protective Order, ECF No. 10, which governs the disclosure of confidential information in this matter. On January 17, 2025, Plaintiffs and Defendant Aetna Life Insurance Company ("Aetna") (together, the "Parties") filed a Joint Stipulated Protective Order, ECF No. 50, which protects the use and disclosure of confidential information, including protected health information ("PHI"), at issue in this case. On April 14, 2025, the Court entered the Amended Stipulated Protective Order, ECF No. 105.

2. The Parties conferred, and under the terms of these protective orders, Plaintiffs seek leave to file Exhibits 1 and 2 under seal as they contain PHI protected by the Health Insurance Portability and Accountability Act, as well as Aetna's employee and proprietary and trade secret information. *See* ECF No. 105 ¶¶ 3(a)-(e).

3.      Good cause exists to seal these documents; and sealing these documents in their entirety is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. D. Conn. Loc. Civ. R. 5(e); *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) ("[T]he presumption of access" to judicial documents may be overcome by "countervailing factors includ[ing] . . . the privacy interest" of the parties. (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995))). In the case of highly private information such as medical records, a person's privacy interests comprise a sufficiently weighty interest to overcome the presumption of filing on the public docket. *Id.*; *see also Wheeler-Whichard v. Doe*, No. 10-CV-0358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010) (granting sealing and explaining that "district courts routinely file medical records under seal . . . to protect plaintiff's privacy interests"); *Garcia v. Univ. of Conn. Health Care Ctr.*, No. 3:16CV852(JCH), 2018 WL 745900, at *2 (D. Conn. Feb. 7, 2018) (same for mental health care records). Courts also recognize the importance of protecting the privacy interests of nonparties to litigation, and company proprietary and trade secret information. *See Fairstein v. Netflix Inc.*, No. 20-CV-8042 (PKC), 2024 WL 2326741, at *2 (S.D.N.Y. May 21, 2024) (allowing redaction of non-party contact information because the public interest in disclosure is low, but the privacy interest is high); *Binh Thanh Imp. Exp. Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*, No. 23 CIV. 292, 2024 WL 418139 (S.D.N.Y. Feb. 2, 2024) (granting motion to seal because redacted material contained sensitive and proprietary trade information).

4.      Exhibits 1 and 2 are documents pulled from Aetna's proprietary systems, and are riddled with confidential information, including Plaintiffs' PHI, non-party contact information, and Aetna's proprietary and trade information. *See United States v. Amodeo*, 71 F.3d 1044, 1053 (2d Cir. 1995) (recognizing that "[p]artial redaction" of a document did not appear viable where

2

redactions include "virtually the entire text"). Accordingly, Plaintiffs respectfully seek to file them under seal in their entirety.

DATED: April 10, 2025

Respectfully submitted,

/s/ *Joseph J. Wardenski*
Joseph J. Wardenski [ct31674]
Mack Karbon (*pro hac vice* motion forthcoming)
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Phone: (347) 913-3311
Fax: (347) 467-7237
joe@wardenskilaw.com
mack@wardenskilaw.com

Gabriel Arkles (admitted *pro hac vice*)
Ezra Cukor (admitted *pro hac vice*)
Kelly Parry-Johnson (admitted *pro hac vice*)
Sydney Duncan (admitted *pro hac vice*)
Seran Gee (admitted *pro hac vice*)
ADVOCATES FOR TRANS EQUALITY
EDUCATION FUND
305 Seventh Avenue, 15th Floor
New York, NY 10001
Phone:(646) 993-1688
Fax: (646) 993-1686
garkles@transgenderlegal.org
ecukor@transgenderlegal.org
sduncan@transgenderlegal.orgmailto:

Christine E. Webber (admitted *pro hac vice*)
Harini Srinivasan (admitted *pro hac vice*)
Aniko R. Schwarcz (admitted *pro hac vice*)
Elizabeth M. McDermott (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave, NW, Suite 800
Washington, DC 20005
Phone: (202) 408-4600
Fax: (202) 408-4699
cwebber@cohenmilstein.com
hsrinivasan@cohenmilstein.com
aschwarcz@cohenmilstein.com

*Attorneys for Plaintiffs*