# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BINAH GORDON *et al.*,

Plaintiffs,

v.

AETNA LIFE INSURANCE COMPANY,

Defendant.

No. 3:24-cv-01447-VAB

## PLAINTIFFS' UNOPPOSED MOTION TO AMEND SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 6(b)(1)(A) and Local Rule 7(b), Plaintiffs move to amend the Court's Scheduling Order, Dkt. No. 175. Aetna does not oppose the relief sought herein and the Parties negotiated and agreed upon the proposed schedule.

Plaintiffs recognize that the case schedule was recently extended and do not make this request lightly. Rather, good cause exists for a further modification of the schedule. Plaintiffs have pursued discovery diligently, but the current state of the record does not permit them to prepare for and complete the remaining fact discovery responsibly within the existing deadlines.

On August 3, 2026, Plaintiffs sent Aetna a detailed letter identifying several outstanding deficiencies in Aetna's document productions and written discovery responses. That letter followed an exhaustive and time-intensive review of the discovery produced to date. Based on that review, Plaintiffs have concluded that they do not yet possess sufficient information to prepare for and begin depositions of Aetna employees, much less complete those depositions by the current deadline. The Parties must confer regarding the identified deficiencies, determine whether supplemental responses or productions are warranted and the scope of such supplementation, and allow Plaintiffs sufficient time to review resulting productions before commencing depositions. Although the Parties have worked cooperatively throughout discovery and Plaintiffs intend to

continue working with Aetna to resolve these issues, the meet-and-confer process, any necessary supplementation, and Plaintiffs' review will require additional time even if Court intervention proves unnecessary.

Furthermore, Plaintiffs' counsel have identified significant scheduling constraints that impact the current expert discovery schedule that arose after the most recent extension motion was filed. One member of Plaintiffs' litigation team will be substantially unavailable during the fall of 2026 because of a trial, and another is scheduled to begin a two-week bench trial on January 4, 2027. These obligations affect counsel with significant responsibility for discovery and cannot reasonably be accommodated within the current schedule without compromising the orderly completion of discovery in this matter.

A further extension is therefore necessary to permit the Parties to complete discovery thoroughly and accurately, allow sufficient time to address the outstanding disputes, enable Plaintiffs to review any supplemental productions before taking depositions, and ensure sufficient capacity to proceed with all deadlines.

The proposed schedule below outlines Plaintiffs' request in more detail:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Joint status report on the progress of discovery | September 11, 2026 | **September 18, 2026** |
| Joint status report on the progress of discovery | N/A | **January 15, 2026** |
| Fact depositions | October 23, 2026 | **February 19, 2027** |
| Parties will designate all trial experts and provide opposing counsel with reports from retained experts on any issues on which they bear the burden of proof | October 30, 2026 | **March 5, 2027** |
| Depositions of any such experts will be completed | November 20, 2026 | **March 26, 2027** |

| Parties will designate all trial experts and provide opposing counsel with reports from retained experts on any issues on which they do not bear the burden of proof | December 11, 2026 | **April 9, 2027** |
|---|---|---|
| Joint status report on the progress of discovery due | December 18, 2026 | **April 23, 2027** |
| Depositions of such experts will be completed | January 15, 2027 | **May 7, 2027** |
| All discovery will be completed | January 22, 2027 | **May 28, 2027** |
| Parties' joint request for a settlement conference | January 22, 2027 | **May 28, 2027** |
| Motion for class certification due | March 5, 2027 | **June 25, 2027** |
| Opposition to class certification | N/A | **July 23, 2027** |
| Reply in support of class certification | N/A | **August 13, 2027** |

DATED: August 7, 2026

Respectfully submitted,

/s/ *Harini Srinivasan*
Christine E. Webber (admitted *pro hac vice*)
Harini Srinivasan (admitted *pro hac vice*)
Aniko R. Schwarcz (admitted *pro hac vice*)
Elizabeth M. McDermott*
Sabrina Merold (admitted *pro hac vice*
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave, NW, Suite 800
Washington, DC 20005
Phone: (202) 408-4600
Fax: (202) 408-4699
cwebber@cohenmilstein.com
aschwarcz@cohenmilstein.com
hsrinivasan@cohenmilstein.com
smerold@cohenmilstein.com

Joseph J. Wardenski [ct31674]
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Phone: (347) 913-3311
Fax: (347) 467-7237
joe@wardenskilaw.com

Gabriel Arkles (admitted *pro hac vice*)
Ezra Cukor (admitted *pro hac vice*)
Sydney Duncan (admitted *pro hac vice*)
Kelly Parry-Johnson (admitted *pro hac vice*)
Seran Gee (admitted *pro hac vice*)
ADVOCATES FOR TRANS EQUALITY
EDUCATION FUND
520 Eighth Avenue, Suite 2204
New York, NY 10018
Phone:(646) 993-1688
Fax: (646) 993-1686
garkles@transequality.org
ecukor@transequality.org
sduncan@transequality.org
kparry-johnson@transequality.org

*Attorneys for Plaintiffs*