**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BINAH GORDON *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 3:24-cv-01447-VAB |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION OF BRANDON MICHAEL HAYES FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE**

Plaintiffs Binah Gordon *et al.* respectfully submit this response in opposition to the Motion of Brandon Michael Hayes, Appearing Pro Se as President of the Natural Law Institute, for Leave to File Brief of Amicus Curiae in Support of Neither Party, to Accept the Accompanying Integrated Brief, and for Related Procedural Relief (the "Motion"), Dkt. No. 181. The Motion, which was filed concurrently in this and four other wholly unrelated actions, Mot. at 1-2, has no relevance or usefulness to this Court's resolution of any issue in this case. The Motion should be denied.

A district court has "broad discretion to permit or deny the appearance of amici curiae in a given case." *Soos v. Cuomo*, 470 F. Supp. 3d 268, 284 (N.D.N.Y. 2020) (quoting *Kearns v. Cuomo*, No. 1:19-cv-902, 2019 U.S. Dist. LEXIS 175384, at *4 (W.D.N.Y. Oct. 9, 2019)). "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *Cayuga Nation v. N.Y. State Liquor Auth.*, No. 5:25-cv-01312, 2026 U.S. Dist. LEXIS 215851, at *10 (N.D.N.Y. Sep. 23, 2026) (quoting *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994)). Because there are no governing rules regarding amicus participation in district court proceedings, courts typically look to Rule 29 of the Federal Rules of Appellate Procedure in considering motions for leave to file amicus briefs, and

deny amicus participation where a proposed brief is neither timely nor useful. *See Police Benevolent Ass'n v. City of New York*, No. 26-CV-3243 (VSB) (KHP), 2026 U.S. Dist. LEXIS 162990, at *3 (S.D.N.Y. July 22, 2026) (collecting cases). "*Amicus* participation is not appropriately used to inject collateral questions or to supplement a party's litigation strategy with arguments that the party itself elected not to raise." *Id.* (citing *Waste Mgmt. of Pa., Inc. v. City of New York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). "An amicus cannot initiate, create, extend, or enlarge issues" beyond those presented by the parties themselves. *Waste Mgmt. of Pa., Inc.*, 162 F.R.D. at 36.

Movant's brief is untethered to any pending motion in this case (there are none) or to any material issue in dispute, so it is neither timely nor useful. Even if there were a pending motion, Movant's submission offers a hodgepodge of contentions that have no bearing on Plaintiffs' claims under Section 1557 of the Affordable Care Act or to any of Defendants' defenses. The "question presented," whether "a downstream act of consent, professional recommendation, parental authorization, governmental permission or governmental restriction suppl[ies] an antecedent medical, cognitive, evidentiary, professional, or jurisdictional predicate that has not been independently established," Mot. at 12, is unrelated to the central issue in this litigation of whether Aetna's challenged policy violates Section 1557. Specifically, Movant's invocation of constitutional questions, governmental actions, and parental authority are wholly irrelevant to this case, which involves a statutory claim brought against a private corporation by adult plaintiffs. These "collateral questions" not raised by the parties, or otherwise before this Court, are improper for an amicus brief. *See Police Benevolent Ass'n*, 2026 U.S. Dist. LEXIS 162990, at *3.

Because Movant's proposed brief would offer no perspective or assistance to the Court in resolving any issue in this case, the Court should deny the Motion.

DATED: November 5, 2026

Respectfully submitted,

/s/ Joseph J. Wardenski
Joseph J. Wardenski
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
(347) 913-3311
joe@wardenskilaw.com

Christine E. Webber*
Harini Srinivasan*
Aniko R. Schwarcz*
Elizabeth M. McDermott*
Sabrina Merold (pro hac vice motion pending)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave, NW, Suite 800
Washington, DC 20005
Phone: (202) 408-4600
cwebber@cohenmilstein.com
hsrinivasan@cohenmilstein.com
aschwarcz@cohenmilstein.com
emcdermott@cohenmilstein.com
smerold@cohenmilstein.com

Gabriel Arkles*
Ezra Cukor*
Sydney Duncan*
Kelly Parry-Johnson*
Seran Gee*
ADVOCATES FOR TRANS EQUALITY EDUCATION FUND
520 Eighth Avenue, Suite 2204
New York, NY 10018
Phone:(646) 993-1688
garkles@transequality.org
ecukor@transequality.org
sduncan@transequality.org
kparry-johnson@transequality.org
sgee@transequality.org

**Admitted pro hac vice*

*Attorneys for Plaintiffs*