UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOV 18 2026 AM10:59
FILED-USDC-CT-NEW HAVEN

**BINAH GORDON, et al.,**
Plaintiffs,

v.

**AETNA LIFE INSURANCE COMPANY,**
Defendant.

Civil Action No. **3:24-cv-01447-VAB**
Hon. Victor A. Bolden

---

## REPLY OF PROPOSED AMICUS BRANDON MICHAEL HAYES TO PLAINTIFFS' OPPOSITION (ECF 182) TO MOTION FOR LEAVE (ECF 181)

Brandon Michael Hayes, appearing pro se in his individual capacity as President of the Natural Law Institute, respectfully replies to Plaintiffs' November 5, 2026 opposition (ECF 182) pursuant to D. Conn. Local Civil Rule 7(d).

The opposition presents three substantive objections: relevance to the statutory claims, usefulness at the current procedural stage, and the submission of an integrated framework across separate proceedings. Each warrants a precise response.

## I. THE OPERATIVE QUESTION IS STATUTORY DISCRIMINATION, AND THE PROPOSED ANALYSIS MUST BE LOCATED THERE

Plaintiffs correctly identify the operative controversy as whether Aetna's challenged policy violates Section 1557 of the Affordable Care Act. ECF 182 at 2.

The proposed amicus framework supplies a means of distinguishing the antecedent questions relevant to that determination. Applied here, those questions are:

1. What coverage policy or classification is challenged?
2. What medical services or treatments does that policy affect?
3. What distinctions does Aetna make among covered persons, conditions, or services?
4. What evidence supports the stated basis for those distinctions?
5. What causal relationship exists between the challenged classification and any differential treatment alleged?

6. What consequence follows under Section 1557 and the governing legal standard?

This sequence identifies the propositions requiring adjudication. It supplies neither a presumption of discrimination nor a presumption of legitimate coverage administration.

The statutory inquiry remains controlling.

## II. THE DISTINCTION BETWEEN MEDICAL AUTHORITY AND STATUTORY AUTHORITY IS MATERIAL

Plaintiffs object that the integrated brief discusses governmental authority, parental authority, and constitutional questions having no direct application to claims brought by adult plaintiffs against a private insurer. ECF 182 at 2.

The objection identifies a proper limitation upon the submission's application.

The present litigation does not require resolution of every authority relationship addressed in the comparative brief.

It requires allocation of the particular decisions implicated by Aetna's challenged policy, including the relationship between medical classification, insurer administration, differential treatment, and statutory liability.

A coverage determination may depend upon medical evidence while remaining subject to an independent statutory prohibition against discrimination.

Conversely, the existence of a contested medical classification does not, without the necessary statutory predicates, resolve whether discrimination has occurred.

The distinct inquiries must be examined according to their governing legal standards.

The relevant principle is therefore:

**A determination made at one stage cannot substitute for a legally required determination at another.**

## III. COMPARATIVE APPLICATION DOES NOT MAKE THE CASES LEGALLY IDENTICAL

Plaintiffs observe that substantially the same integrated brief was submitted in four additional proceedings. ECF 182 at 1.

That procedural fact reflects the comparative scope of the original proposed submission.

The cases possess different parties, claims, and governing law. They also present opportunities to examine whether certain underlying decisional functions recur across different medical and institutional relationships.

Recurrence of a decision-making problem does not establish commonality of legal outcome.

In this case, the applicable legal analysis must remain bounded by Section 1557, the challenged policy, the parties' claims and defenses, and the admissible record.

The purpose of the framework is to make those boundaries explicit.

## IV. THE COURT MAY LIMIT PARTICIPATION TO A PROCEDURALLY USEFUL STAGE

Plaintiffs further observe that no motion presently pending requires consideration of the proposed brief. ECF 182 at 2.

This is a relevant case-management consideration.

Amicus respectfully submits that the Court may distinguish the potential usefulness of the analytical framework from the question of when that framework would assist adjudication.

If the present procedural stage does not warrant amicus participation, the Court may preserve the opportunity for a properly supported, case-specific submission addressing a later motion that places the disputed policy and statutory standards before it.

Such a disposition preserves the Court's discretion, the parties' procedural rights, and the possibility of future assistance.

## V. RELIEF REQUESTED

For the foregoing reasons, Amicus respectfully requests that the Court:

1. Grant ECF 181 to the extent the Court finds the proposed analytical framework useful to the statutory controversy presented;
2. Alternatively, permit submission of a materially narrowed, case-specific amicus brief upon further leave and with an opportunity for the parties to respond;
3. Alternatively, deny leave without prejudice to a renewed application at an identified merits or class-certification stage; and
4. Grant such further procedural relief as the Court determines appropriate.

No oral argument is requested.

Respectfully submitted,

/s/ Brandon Michael Hayes

Brandon Michael Hayes
Pro Se, Prospective Amicus Curiae
President, Natural Law Institute
159 Indian Hill Street
West Newbury, MA 01985
(617) 438-2049
brandon@hayeshaus.com

Dated: November 17, 2026

---

**CERTIFICATE OF CONFERENCE AND SERVICE**

I certify that on Monday morning, November 16, 2026, I transmitted this filing by email to counsel of record. On November 17, 2026, copies were submitted by United States Mail to the Clerk.

/s/ Brandon Michael Hayes