**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

BINAH GORDON *et al.*,

Plaintiffs,

v.

AETNA LIFE INSURANCE COMPANY,

Defendant.

No. 3:24-cv-01447-VAB

**JOINT MOTION FOR DISCOVERY CONFERENCE**

Pursuant to this Court's Pretrial Preferences, Plaintiffs and Defendant Aetna Life Insurance Company ("Aetna" or "Defendant") (collectively, "the Parties"), by their respective counsel, jointly move to schedule a discovery conference with the Court.

On May 8, 2026, the Parties filed a joint motion requesting that the Court terminate its deadline for discovery-related motions. *See* Dkt. No. 168. In the motion, the Parties informed the Court that the Parties would work together to complete fact discovery and would raise any discovery disputes as they arose, in accordance with the Court's individual practices. *See id.* at 2.

**Plaintiffs' Position**

The Parties now seek Court intervention as they have reached an impasse on several discovery disputes, some of which the Parties have been negotiating for over a year, including:

- **Aetna's relevance redactions.** Aetna has redacted select portions of documents and communications on the basis that they are not relevant to the claims or defenses in this case. The dispute concerns redactions based on asserted irrelevance or commercial sensitivity. Plaintiffs recognize that the Parties' governing orders permit certain redactions to protect personal information, but dispute that those provisions authorize the redactions challenged here. Plaintiffs contend that relevance and commercial sensitivity redactions are unsupported by the Parties' ESI Stipulation (Dkt. No. 51), Protective Order (Dkt. No. 104), and governing law in this Circuit, and remove important context from responsive documents. Aetna maintains that the redactions are proper. After three discussions and several email exchanges on this subject, the Parties are at an impasse.

- **Missing attachments and linked documents.** Aetna has produced documents that reference attachments or link to other documents that have not been produced. Aetna agreed to produce some of the materials Plaintiffs specifically identified as missing attachments or linked documents but stated that it would withhold an attachment on relevance grounds. On November 9, 2026, Aetna produced some of the materials it had agreed to produce. Plaintiffs followed up on the withheld attachment and other outstanding issues with that production. Aetna agreed to review its productions for any attachments that were inadvertently omitted. However, the Parties are at an impasse as to whether Aetna can withhold this attachment or any other attachments it deems irrelevant.

- **Documents withheld following Aetna's clawback.** In May 2026, Aetna clawed back 68 documents on the basis of improper metadata redactions. On July 3, 2026, Aetna reproduced 49 documents and informed Plaintiffs that it was withholding the remainder due to relevance. Since July, Plaintiffs have sought an explanation of the grounds for withholding those documents. Plaintiffs believe the Parties are at an impasse concerning Aetna's continued withholding of these documents.

- **Deadlines for outstanding productions and interrogatory responses.** Plaintiffs have sent four deficiency letters and exchanged numerous emails with Aetna concerning its productions in response to Plaintiffs' April 2025 requests for production ("RFPs") and its responses to Plaintiffs' interrogatories. Plaintiffs have identified gaps in the productions involving drafts of Clinical Policy Bulletins ("CPBs") 0615 and 0031, the central policies governing this case, and documents concerning the development and maintenance of CPB 0615, and related communications among decisionmakers. Plaintiffs' concerns arise in part from references in produced documents to materials that have not been produced. Aetna has now agreed to search three additional custodians, including one it acknowledges was inadvertently omitted from its prior searches. Aetna has also agreed to supplement other document productions, correct an error in the classwide data, and provide verified, amended interrogatory responses. These commitments are welcome, but Aetna has not provided completion dates despite Plaintiffs' requests, and a production it committed to in February 2026 remains outstanding. Plaintiffs seek the Court's assistance in establishing a reasonable schedule for completing the agreed-upon searches, productions, and interrogatory responses, including dates for reporting the results of efforts to locate materials that cannot be found, so that the Parties can proceed with depositions.

**<u>Aetna's Position</u>**

Aetna disagrees with Plaintiffs' assertion that the parties "have reached an impasse" on several discovery disputes and believes that court intervention is premature at best with regard to a number of issues Plaintiff identified. These items include missing email attachments, linked documents and supplemental interrogatory responses, each of which Aetna has already committed

to following up on. However, Aetna agrees that the Court's guidance with respect to the question of relevance redactions may be of assistance to the parties at this time.

Since discovery in this action commenced, Aetna has completed ESI searches of over 100 custodians, applying more than 35 agreed-upon search terms across various groupings of these custodians. In addition, Aetna has conducted additional searches through electronic means, internal investigation, and discussions with both custodians and gender affirming care subject matter experts in order to identify and produce additional responsive documents. In total, Aetna has produced just over 20,000 pages of documents.

Also, through an extensive and good faith negotiation process with Plaintiffs, Aetna has produced electronic processing data relating to requests for gender affirming care that total more than 16,000 claim lines. Following this production, and in response to Plaintiffs' inquiries concerning existence of additional potentially responsive documents that may still exist, Aetna has agreed to add new custodians and to locate any additional responsive documents. Aetna is also in the process of pulling additional electronic processing data for members who sought precertification for supplemental gender affirming care procedures. Plaintiffs remain dissatisfied because the number of responsive documents has not matched their subjective expectations. Srinivasan Letter 8/3/2026 ("Aetna's production reflects "almost nothing" concerning "internal discussions of CPB 0615 itself""). Aetna disagrees with Plaintiffs' assertion, stated above, that "Aetna has not fully addressed Plaintiffs' concerns regarding Aetna's collection, search, and review processes." Aetna notes that Plaintiffs appear intent on obtaining court approval to conduct discovery on Aetna's discovery process, which requests courts must "closely scrutinize" given the "danger of extending the already costly and time-consuming discovery process *ad infinitum*." *Winfield v. City of N.Y.*, 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018).

As Plaintiffs note in their section, the parties are still discussing various items that Aetna is working to complete. As one example, Plaintiffs have asked Aetna to investigate hyperlinks that appear in certain documents, and Aetna is in the process of doing so. However, in some instances the requested information is years old and the links have long expired. Aetna is already working to determine which links are viable and may lead to responsive information. This is just one item Aetna has committed to addressing but illustrates why imposing interim deadlines for Aetna's work is impractical. Aetna is endeavoring to complete this process, and to locate other items it has agreed to search for, in a timely manner and is working in good faith to keep Plaintiffs apprised of its efforts.

Aetna understands that, at this juncture, the only concrete "impasse" that exists between the parties is a disagreement over the propriety of Aetna's redaction of PHI or extraneous and commercially sensitive information from otherwise responsive documents that Aetna has produced. For example, Aetna has produced minutes of the Clinical Policy Bulletin Committee that discuss CPB 0615 and CPB 31, but has redacted the Committee notes concerning policies addressing a myriad of other medical conditions, such as cancer.

* * *

The Parties respectfully request a discovery conference to address the aforementioned discovery disputes. Plaintiffs intend to seek leave of the Court to file a motion to compel Aetna's outstanding discovery responses and document productions.

The Parties respectfully request that the Court hold a telephonic discovery conference during any of the following dates and times: December 9, 2026, from 9-11 a.m. and 4-5 p.m. ET; December 10, 2026, from 3-4 p.m. ET; and December 11, 2026, from 12-5 p.m. ET. If the Court is unavailable on those dates and times, the Parties can readily supply others.

November 23, 2026

*/s/ Theodore J. Tucci*

Theodore J. Tucci (ct05249)
Abby M. Warren (ct30077)
Christopher A. Costain (ct31612)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel.: (860) 275-8200
Fax: (860) 275-8299
ttucci@rc.com
awarren@rc.com
ccostain@rc.com

Sarah Reeves (*pro hac vice*)
Earl B. Austin (*pro hac vice*)
Baker Botts LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-2649
Fax: (212) 408-2449
sarah.reeves@bakerbotts.com
earl.austin@bakerbotts.com

*Counsel for Aetna Life Insurance Company*

Respectfully submitted,

*/s/ Harini Srinivasan*

Harini Srinivasan (admitted *pro hac vice*)
Christine E. Webber (admitted *pro hac vice*)
Aniko R. Schwarcz (admitted *pro hac vice*)
Elizabeth M. McDermott (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave, NW, Suite 800
Washington, DC 20005
Phone: (202) 408-4600
Fax: (202) 408-4699
cwebber@cohenmilstein.com
hsrinivasan@cohenmilstein.com
aschwarcz@cohenmilstein.com
emcdermott@cohenmilstein.com

Joseph J. Wardenski [ct31674]
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Phone: (347) 913-3311
Fax: (347) 467-7237
joe@wardenskilaw.com

Gabriel Arkles (admitted *pro hac vice*)
Ezra Cukor (admitted *pro hac vice*)
Sydney Duncan (admitted *pro hac vice*)
Kelly Parry-Johnson (admitted *pro hac vice*)
Seran Gee (admitted *pro hac vice*)
ADVOCATES FOR TRANS EQUALITY EDUCATION FUND
520 Eighth Avenue, Suite 2204
New York, NY 10018
Phone: (646) 993-1688
Fax: (646) 993-1686
ecukor@transequality.org
kparry-johnson@transequality.org

*Attorneys for Plaintiffs*